# Exhibit G



227 Nokomis Avenue S.
Venice, Florida 34285

Tel:  (941) 485-1571
Fax: (941) 484-7226

Mailing Address:
Post Office Box 1767
Venice, FL 34284-1767

Murray Kanetsky
Robert L. Moore*
Robert J. DeBoer*
Erik R. Lieberman**
Sharon S. Vander Wulp
*Board Certified Real Estate
**Also admitted in Pennsylvania

November 29, 2007

Community Mutual Benefits Mortgage Services, Inc.
8655 East Via De Ventura, Ste. G-200
Scottsdale, AZ  85258

     RE:    Loan No. TCPL-57331: Ten Million Dollar ($10,000,000.00) Loan ("Loan")
from Community Mutual Benefits Mortgage Services, Inc. ("Lender") to
K-5 Realty, LLC ("Borrower") secured by the real property located at:
235 South Park Blvd., Venice, FL  34285

Ladies and Gentlemen:

     We are the attorneys for Borrower in connection with the above-captioned Loan.
In the course of our representation, we have reviewed and examined the Commitment
Letter from Lender to Borrower dated June 22, 2007, and accepted by Borrower on June
25, 2007, (as the same may be amended in writing, the "Commitment"), and the following
executed documents relating to the Loan:

1.    Promissory Note dated as of December 5, 2007, executed by Borrower in favor of
Lender in the principal balance of Ten Million Dollars ($10,000,000.00);

2.    Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Filing
dated as of December 5, 2007, executed by Borrower in favor of Lender (the "Mortgage");

3.    Construction Loan Agreement dated as of December 5, 2007, executed by Borrower
in favor of Lender;

4.    Uniform Commercial Code financing statements ("Financing Statements") identifying
Borrower, as debtor, in favor of Lender, as secured party;

5.    Assignment of Accounts dated as of December 5, 2007, executed by Borrower in
favor of Lender;

6.    Environmental Indemnity Agreement dated as of December 5, 2007, executed by
Borrower in favor of Lender;

7.    Conditional Assignment of Condominium Sale Contracts, Condominium Documents,
and Condominium Developer Rights, dated as of December 5, 2007, executed by Borrower
in favor of Lender;

8.    Assignment of Construction Contracts dated as of December 5, 2007, executed by Borrower in favor of Lender;

9.    Assignment of Permits, Licenses and Approvals dated as of December 5, 2007, executed by Borrower in favor of Lender;

10.    Assignment of Sub-Contractors dated as of December 5, 2007, executed by Borrower in favor of Lender;

11.    Assignment of Plans and Specifications dated as of December 5, 2007, executed by Borrower in favor of Lender;

12.    Non-Foreign Affidavit dated as of December 5, 2007.

13.    The documents and instruments referred to above are collectively called the "Loan Documents".

    In addition, we have reviewed and examined the following:

1.    The resolution adopted by the Board of Directors of K-5 Realty, LLC, a Florida limited liability corporation, which is signing (either for itself or in a representative capacity on behalf of another party) any of the Loan Documents;

2.    Originals or copies of organizational and authority documents (including without limitation, articles of incorporation, by-laws, fictitious-name certificates, all corporate records, certificates and other statements of government officials) relating to Borrower, Guarantors, and any entities comprising Borrower or Guarantors, as well as such other documents, laws, statutes, ordinances, regulations and other matters as we have deemed necessary or advisable in order to enable us to render the following opinions to you and to induce you to make this Loan to Borrower.

Based on the foregoing, it is our opinion that:

1.    Borrower is a limited liability corporation duly organized, validly existing and in good standing under the laws of the State of Florida.

2.    The execution, delivery and performance by Borrower of the Loan Documents and the borrowing and liabilities incurred there under (a) have been duly authorized by all necessary action of Borrower, as applicable, (b) do not contravene the terms of the articles of incorporation and by-laws, as applicable, of Borrower, (c) do not (to the best of our knowledge) require the approval or consent of any trustee or the holders of any indebtedness of Borrower, (d) do not (to the best or our knowledge) contravene any law, regulation, rule or order binding on Borrowers, and (e) do not (to the best of our knowledge) contravene the provisions of or constitute a default under any agreement ro instrument to which Borrower is a party or by which Borrower or the project may be bound

or affected. All actions, approvals and consents necessary to authorize the execution, delivery and performance of the Loan Documents by Borrower have occurred or been obtained.

3.      No government approval or filing or registration with any governmental authority is required for the execution, delivery and performance by Borrower of the Loan Documents or in connection with any of the transactions contemplated thereby.

4.      The Loan Documents have been duly and validly executed and delivered by Borrower in compliance with the laws of the State of Florida, and constitute legal, valid and binding obligations of Borrower, enforceable against Borrower, in accordance with their respective terms and provisions, except that enforcement may be limited by bankruptcy, insolvency, reorganization, arrangement, moratorium, or similar laws, or by equitable principles, relating to or limiting the rights of creditors generally.

5.      The Mortgage is in proper form for filing in the real estate records of Sarasota County, Florida.

6.      The Financing Statements, when duly filed with the Secretary of State for the State of Florida, and with the real estate records of Sarasota County, Florida, will have been duly filed in all places where filing is necessary, and all other or additional acts will have been taken as are necessary to perfect Lender's security interest in all fixtures and personal property collateral described in the Mortgage and the Security Agreement.

7.      There is, to the best of our knowledge, after due inquiry, no private, judicial or governmental action, lawsuit, claim, proceeding, inquiry or investigation pending or threatened which involves Borrower, any of the Loan Documents, the Project or the land on which the Project is located, including but not limited to eminent domain proceedings. In addition, to the best of our knowledge, after due inquiry and a search of the court records in Sarasota County, Florida, and the State of Florida, no unsatisfied judgments have been entered or returned against Borrower.

8.      To the best of our knowledge, Borrower has not violated any applicable local, state or federal environmental laws, regulations and requirements relating to the Project.

9.      The Loan, as made pursuant to the terms of the Loan Documents, is not usurious under applicable law.

10.     The Loan Documents will be construed and enforced under the laws of the State of Arizona and the laws of the United States applicable to transactions in the State of Arizona.

11.     The Project constitutes a separate legal lot, and no subdivision or partition proceedings will be necessary in order to convey the Project in the event of any foreclosure under the Mortgage.

12.     The Project constitutes a separate tax parcel.  This opinion is given for the benefit of the Lender and any subsequent purchaser or purchasers of the Loan.  It is intended that counsel to the Lender may rely on the opinions stated herein.

Very truly yours,

Robert L. Moore

RLM/lmg
cc:  Kevin Ward, Managing Member