# Exhibit L

MICHAEL K. JEANES
Clerk of the Superior Court

By SHARESE HOPKINS, Deputy
Date 04/22/2004 Time 11:07 AM
Description      Qty      Amount
———————— CASE# CV2004-007498 ————————
PET TO TAKE DEPO    001    190.00
CERTIFICATIONS      001     18.00

TOTAL AMOUNT                208.00
        Receipt# 00006151030

Michael R. King #005903
**GAMMAGE & BURNHAM**
ATTORNEYS AT LAW
TWO NORTH CENTRAL AVENUE
18TH FLOOR
PHOENIX, AZ 85004
TELEPHONE (602) 256-0566

Attorneys for Plaintiffs

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

SICKELS BFI HOLDING COMPANY,
INC., DONALD L. SICKELS, and
DAWNETTE PEPPLER,

        Plaintiffs,

vs.

CMB MORTGAGE SERVICES, INC.,
and CHARLES CHRISTIAN,

        Defendants.

NO.     CV2004-007498

**AFFIDAVIT OF ATTORNEY**

STATE OF ARIZONA)
            ) ss.
County of Maricopa  )

      I, Michael R. King, am an attorney in the law firm of GAMMAGE &
BURNHAM, attorneys for plaintiffs.

      The names and last known addresses of the judgment debtors are:

CMB Mortgage Services, Inc.
70 West Madison Street, Suite 1400
Chicago, Illinois 60602

Charles Christian
70 West Madison Street, Suite 1400
Chicago, Illinois 60602

249951v1                                    4/20/2004

1   The names and addresses of the judgment creditors are:

2   Sickels BFI Holding Company, Inc.
    Donald L. Sickels
3   Dawnette Peppler
    c/o  M. Scott Stooksberry, Esq.
4   Hill Gilstrap
    1400 West Abram Street
5   Arlington, Texas  76013

6   DATED this 22nd day of April 2004.

7

8                          *Michael R. King* (signature)
9                          Michael R. King

10

11  SUBSCRIBED AND SWORN TO before me this 22nd day of April 2004.

12                         *Jackie Benton* (signature)
                           Notary Public
13

14  (Notary Seal)

15

16      OFFICIAL SEAL
        JACKIE BENTON
17   Notary Public - Arizona
        Maricopa County
     Comm. Expires Jan. 14, 2008

18

19

20

21

22

23

24

25

26

MICHAEL K. JEANES
Clerk of the Superior Court

By SHARESE HOPKINS, Deputy
Date 06/11/2004 Time 04:20 PM
Description    Qty    Amount
———— CASE# CV2004-007498 ————
JUDGEMENT DEBTOR FEE 001    18.00

TOTAL AMOUNT    18.00
Receipt# 00006268905

Michael R. King #005903
**GAMMAGE & BURNHAM**
ATTORNEYS AT LAW
TWO NORTH CENTRAL AVENUE
18TH FLOOR
PHOENIX, AZ 85004
TELEPHONE (602) 256-0566

Attorneys for Plaintiff

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

SICKELS BFI HOLDING COMPANY, INC., DONALD L. SICKELS, and DAWNETTE PEPPLER,

        Plaintiffs,

vs.

CMB MORTGAGE SERVICES, INC., and CHARLES CHRISTIAN,

        Defendants.

NO. CV 2004-007498

**PETITION FOR JUDGMENT DEBTORS TO APPEAR FOR DEBTORS' EXAMINATION**

      Plaintiffs Sickels BFI Holding Company, Inc., Donald L. Sickels, and Dawnette Peppler petition the above-entitled Court for an Order requiring defendants CMB Mortgage Services, Inc. by its President Charles Christian and Charles Christian to appear and attend before the court for purposes of examination by the plaintiff in supplemental proceedings pursuant to Arizona Revised Statutes § 12-1631, et seq. Plaintiff also requests that the Order require the defendants to bring to the hearing the originals or copies of the

253917v1

6/8/2004

1  items described in Exhibit "A" and Exhibit "B" attached hereto that are in defendants'

2  possession, custody and control, or are available to defendants.

3        Plaintiffs recovered a Judgment against defendants in action number 342-

4  203957-04 in the District Court, Tarrant County Texas, 342nd Judicial District on March 5,

5  2004 that was thereafter filed in the above-described action on April 22, 2004, as follows:

6

7  $    345,500.00   Principal, as actual damages, plus pre-judgment interest
                     thereon at the rate allowed by law, as determined in
8                    accordance with Section 304.003 of the Texas Finance
                     Code from March 5, 2004, until paid.
9

10  $    11,710.02   Attorneys' Fees.

11  $     1,556.77   Costs.

12  $   600,000.00   Exemplary damages against CMB Mortgage Services,
                     Inc., plus post judgment interest at the rate allowed by
13                   law, as determined in accordance with Section 304.003
                     of the Texas Finance Code from March 5, 2004 until
14                   paid.

15

16  $   600,000.00   Exemplary damages against Charles Christian, plus post
                     judgment interest at the rate allowed by law, as
17                   determined in accordance with Section 304.003 of the
                     Texas Finance Code from March 5, 2004 until paid.
18

19       The balance due on the judgment as of June 9, 2004, is $1,603,172.16.

20       DATED this 11th day of June 2004.

21

22       GAMMAGE & BURNHAM

23

24       By _____
             Michael R. King
25           Two N. Central Avenue, 18th Floor
             Phoenix, Arizona  85004
26           Attorneys for Plaintiffs

253917v1                    2                    6/8/2004

# A F F I D A V I T

STATE OF ARIZONA )
                 ) ss.
County of Maricopa )

      Michael R. King, being first duly sworn, upon his oath deposes and says:

      I am the attorney for plaintiffs Sickels BFI Holding Company, Inc., Donald L. Sickels, and Dawnette Peppler in the foregoing Petition for Judgment Debtors to Appear for Debtors' Examination and I am authorized to make this Affidavit for and on behalf of the plaintiffs. I have read the foregoing Petition for Judgment Debtors to Appear for Debtors' Examination, know the contents thereof and they are true and correct to the best of my knowledge, information, and belief.

_____
Michael R. King

      SUBSCRIBED AND SWORN TO before me this 11th day of June 2004.

_____
Notary Public

(Notary Seal)



# EXHIBIT "A"

"Corporation" shall refer to: CMB MORTGAGE SERVICES, INC.

     1.    Copies of all federal and state income tax return(s) for the last three (3) years for the above-named corporation and for any business in which the corporation has an ownership interest;

     2.    Copies of all deeds, leases, notes or contracts which evidence the ownership as legal title holder or beneficiary of a trust of any real property which the above-named corporation now has solely or jointly with others, or had within the last four (4) years;

     3.    All titles or registration papers to automobiles or motor vehicles, airplanes, television sets or other mechanical equipment of any kind or nature which the above-named corporation presently owns, or has an interest in or has owned or had an interest in within the last four (4) years;

     4.    Copies of all life insurance contracts or policies which the above-named corporation presently owns or has an interest in or had an interest in within the last four (4) years;

     5.    Copies of all bank statements, check registers, cancelled checks, and passbooks or other documents of the above-named corporation evidencing any and all processing of monies by the said corporation in checking accounts, savings accounts or any other accounts with any financial institutions for the last three (3) years whether said accounts are held solely or jointly with others;

     6.    Copies of all Summonses and Complaints which have been served upon the above-named corporation with the last two (2) years;

     7.    Copies of all promissory notes, contracts, chattel mortgages, conditional sales contracts, leases, or pledge agreements upon which the above-named corporation is presently making payments or will commence making payments within the next six-month period;

     8.    Originals of all promissory notes, contracts, chattel mortgages, conditional sales contracts, leases, or pledge agreements on which the above-named corporation is receiving payments or might receive payments in the

future and all documents concerning all sources of corporate income for the last three (3) years;

9.    Any escrow instructions for any escrow which the above-named corporation has opened or had any interest in within the last three (3) years;

10.   The originals of any bonds or stock certificates which the above-named corporation presently owns any beneficial interest in, either alone or with others, or has owned within the last three (3) years;

11.   Copies of all receipts evidencing payments or presentations in a sum exceeding One Hundred and No/100 Dollars ($100.00) within the last one-year period;

12.   Copies of any and all financial statements and balance sheets of the above-named corporation and any corporation or business in which the above-named corporation presently holds an interest or held an interest within the last two (2) years;

13.   Copies of any documents which evidence any annuities, or other financial benefits of any kind which the above-named corporation may be receiving from any federal, state or local governmental agency or from any insurance company or corporation, or from any source whatsoever;

14.   Copies of all complaints or other documents which the above-named corporation has filed in any court against any other person, firm or corporation within the last three (3) years;

15.   Copies of all fire, burglary, automobile or similar insurance policies in force upon real or personal property owned or held in trust for the above-named corporation, including copies of such inventories thereon, for the last one-year period and together with identification of all properties referred to therein;

16.   A list of all wages, commissions, salaries, deposits, bonuses and monies owing to, held in trust for, or held for the account of the above-named corporation, for the last one (1) year period;

17.   A list of all personal property owned by the above-named corporation which cost more than One Hundred and No/100 Dollars ($100.00) when purchased, and a list of all real property now or ever owned by the above-

named corporation or in which the above-named corporation has or ever had a legal interest;

18.    All records relating to and all keys to all safe deposit boxes, depositories, warehouses, or lockers presently owned by the corporation or to which the corporation has access;

19.    Current inventory records;

20.    All records of accounts receivable;

21.    Copies of all of the corporation's charge account statements or records for the past six (6) months; and

22.    Copies of the corporation's six (6) most recent telephone company bills.

## EXHIBIT "B"

## DOCUMENTS FOR CHRISTIAN CHARLES:

      1.    Copies of all federal and state income and personal property tax returns for the last three (3) years filed by you personally or jointly with any other person;

      2.    Copies of all deeds, leases, notes or contracts which evidence the ownership as legal title holder or beneficiary of a trust of any real property which you now have or have had within the last four (4) years;

      3.    All original titles or registration papers to automobiles or motor vehicles, airplanes, television sets or other mechanical equipment of any kind or nature which you presently own or have an interest in or have owned or have had an interest in within the last four (4) years;

      4.    All life insurance contracts or policies which you presently own or have an interest in or owned or had an interest in within the last four (4) years;

      5.    Copies of all bank statements, cancelled checks, check stubs and passbooks or other documents evidencing any and all processing of monies by you in checking accounts or any other accounts with any financial institutions whether said accounts are held personally or jointly with others or savings accounts for the last three (3) years;

      6.    All Summonses and Complaints which have been served upon you within the last two (2) years;

      7.    Copies of all promissory notes, contracts, chattel mortgages, conditional sales contracts, leases, or pledge agreements upon which you are presently making payments or will commence making payments within the next six-month period;

      8.    Originals of all promissory notes, contracts, chattel mortgages, conditional sales contracts, leases, or pledge agreements on which you are receiving payments or on which you may receive payments in the future, and all documents concerning all sources of your income for the last three (3) years;

      9.    Any escrow instructions for any escrow which you have opened or had any interest in within the last three (3) years;

10.    All original bonds or stock certificates which you presently own any beneficial interest in, either alone or jointly with others, or copies of those you have owned in any corporation within the last three (3) years;

11.    All receipts evidencing payments or presentations in a sum exceeding One Hundred and No/100 Dollars ($100.00) made within the last one-year period.

12.    Copies of any and all individual financial statements whether prepared for you alone or jointly with others within the past four (4) years, and copies of financial statements for any corporation or business in which you presently hold an interest or have held at interest within the last two (2) years;

13.    Copies of any documents which evidence any pensions, annuities, or other financial benefits which you may be receiving from any federal, state or local government agency or from any insurance company or corporation, or from any source whatsoever or which you may receive in the future;

14.    All complaints or other documents which you have filed in any court against any other person, firm or corporation within the last three (3) years;

15.    Copies of all fire, burglary, homeowners, automobile or similar insurance policies in force upon real or personal property owned or held in trust for you, including copies of such inventories thereon, for the last one-year period and together with identifications of all property referred to therein;

16.    A list of all of your wages, commissions, salaries, deposits, bonuses and monies owing to you, held in trust for you, or held for your account for the last two (2) years, including all documents relating to your business, occupation and employment;

17.    A list of all personal property owned by you which cost more than Fifty Dollars ($50.00) when purchased including art, jewelry, collectibles, books, royalties, patents, copyrights and inventions, and a list of all real property now owned by you or in which you have or have had a legal interest in the past three (3) years;

18.    All records relating to and all keys to all safe deposit boxes or depositories or warehouses or lockers presently owned by you or to which you have access and your social security card;

19.     Copies of all your charge account records and statements for the past six (6) months;

20.     Copies of your last six (6) telephone bills;

21.     Copies of all bills of sale, deeds, contracts or other documents showing transfer of any and all property by you personally or jointly with any others during the last four (4) years;

22.     Copies of all documents relating to all interest you have or have had in the last three (3) years in any corporation, partnership, joint venture, trust or other business form, together with an identification of all property of each such entity;

23.     Copies of all documents, including ledger cards, ledgers, journals, memoranda, books of account and notes reflecting and identifying your assets and receivables for the past three (3) years;

24.     Copies of all documents relating to all securities brokerage accounts in which you have had an interest, individually or jointly with others, in the last three (3) years;

25.     Copies of all documents relating to any profit sharing plan, 401K plan, Keogh Plan, individual retirement account or retirement plan in which you have had any interest during the last three (3) years.

26.     Copies of all documents relating to wills or trusts under which you may be an heir or beneficiary; and

27.     Copies of all your wills and testaments and codicils thereto which have been in effect in the last three (3) years.

20040537829

**ORIGINAL**

No. 342-203957-04

| | | |
|---|---|---|
| SICKELS BFI HOLDING COMPANY, | § | IN THE DISTRICT COURT |
| INC., DONALD L. SICKELS, and | § | |
| DAWNETTE PEPPLER | § | TARRANT COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| CMB MORTGAGE SERVICES, | § | |
| INC., and CHARLES CHRISTIAN | § | 342nd JUDICIAL DISTRICT |

## DEFAULT JUDGMENT

On the 5th day of March, 2004, came on to be heard the above-styled and numbered cause, wherein Sickels BFI Holding Company, Inc, ("Sickels BFI"), Donald L. Sickels ("Sickels"), and Dawnette Peppler ("Peppler") (Sickels BFI, Sickels and Peppler are sometimes collectively referred to herein as the "Plaintiffs") are the plaintiffs, and CMB Mortgage Services, Inc. ("CMB") and Charles Christian ("Christian") (CMB, and Christian are sometimes collectively referred to herein as the "Defendants"), are the Defendants.

The Plaintiffs appeared by and through their attorney of record and announced ready for trial. The Defendants, although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default.

Citation was served according to law and returned to the clerk, where it remained on file for the time required by law. The Court, has read the pleadings and the papers on file, and is of the opinion that the Defendants, CMB and Christian, have by their default admitted the allegations of the Plaintiffs' petition; that the causes of action and claims for actual damages in the sum of $345,500.00 are unliquidated and, on good and sufficient evidence presented to the Court, the Court finds as follows:

DEFAULT JUDGMENT
3-8-04

3-8-04
ATTEST: *April 14, 2004*
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY

20040537829

1.      As a direct and proximate result of the acts and omissions of the Defendants, as complained of in Plaintiffs petition on file herein, the Plaintiffs have incurred actual damages in the sum of $345,500.00.

2.      The acts and omissions of the Defendants, as complained of in Plaintiffs' petition on file herein, have been committed, intentionally, knowingly and maliciously and in complete disregard of the rights and welfare of the Plaintiffs, and the actions were taken by the Defendants with the intent to injure the Plaintiffs and with the conscious desire to profit at the expense and detriment of the Plaintiffs. The corporate defendant, CMB, acted intentionally, knowingly, and maliciously by and through the acts of a corporate officer, Christian, who is the President of CMB and has been the President of CMB at all pertinent times, who was acting in his capacity as an officer of CMB and within the scope of his employment with CMB. In addition to their actual damages and any other relief the Plaintiffs may be entitled to, this Court, as the trier of fact, in accordance with the applicable provisions of Chapter 41 of the Texas Civil Practice and Remedies Code, determines that the Plaintiffs are entitled to the recovery of exemplary damages from the Defendants, as follows:

(a)     Exemplary damages against the Defendant, CMB, in the sum of $ 600,000 00 ; and

(b)     Exemplary damages against the Defendant, Christian, in the sum of $ 600,000 00 .

3.      Plaintiffs have incurred reasonable and necessary attorneys' fees and costs in at least the sum of $11,710.02 for legal services rendered through the date of this Judgment.

20040537829

4.      Plaintiffs have incurred costs in connection with this lawsuit, of a type which may be awarded in a judgment pursuant to the applicable provisions of Section 31.007 of the Texas Civil Practices and Remedies Code, in at least the sum of $1,556.77.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that Plaintiffs, Sickels BFI, Sickels, and Peppler, have judgment against and have and recover of and from the Defendants, CMB and Christian, jointly and severally, the following:

(1)      the sum of $345,500.00, as actual damages;

(2)      pre-judgment interest on all actual damages from the date suit was filed, January 28, 2004, through the date of judgment at the rate allowed by law and equal to the applicable post judgment rate as set forth below;

(3)      post-judgment interest on all actual damages and pre-judgment interest awarded at the rate allowed by law, as determined in accordance with Section 304.003 of the Texas Finance Code (as in effect on the date of this Judgment, and/or any subsequent amendments or successor statutes, if applicable) from the date of this Judgment until paid;

(4)      attorneys' fees in the sum of $11,710.02; and

(5)      costs in the sum of $1,556.77.

IT IS FURTHER ORDERED that Plaintiffs, Sickels BFI, Sickels, and Peppler, have judgment against and have and recover of and from the Defendant, CMB, exemplary damages in the sum of $  600,000.00  , plus post-judgment interest on this exemplary damage amount at the rate allowed by law, as determined in accordance with Section 304.003 of the Texas Finance Code (as in effect

**DEFAULT JUDGMENT**                                                                    **Page 3**

20040337829

on the date of this Judgment, and/or any subsequent amendments or successor statutes, if applicable) from the date of this Judgment until paid;

      IT IS FURTHER ORDERED that Plaintiffs, Sickels BFI, Sickels, and Peppler, have judgment against and have and recover of and from the Defendant, Christian, exemplary damages in the sum of $____600,000____, plus post-judgment interest on this exemplary damage amount at the rate allowed by law, as determined in accordance with Section 304.003 of the Texas Finance Code (as in effect on the date of this Judgment, and/or any subsequent amendments or successor statutes, if applicable) from the date of this Judgment until paid;.

      IT IS FURTHER ORDERED that, in the event of subsequent motions for new trials or appeals, Plaintiff have judgment against and recover of and from Defendants, jointly and severally, the following: (i) the sum of $1,500.00 in the event a motion for new trial is filed but denied; (ii) the sum of $3,000.00 in the event an appeal to the Court of Appeals is made but is unsuccessful; (iii) the sum of $3,500.00 in the event an application for writ of error is filed but not granted by the Supreme Court of Texas; (iv) the sum of $4,000.00 is awarded in the event that the application for writ of error is granted but the appeal to the Supreme Court of Texas is unsuccessful; and (v) the sum of $2,500.00 in the event a motion for rehearing is filed but not granted by the Supreme Court of Texas.

      IT IS FURTHER ORDERED that Plaintiff is allowed such writs and processes as may be necessary in the collection or enforcement of this Judgment. All other relief not expressly granted herein is denied.

20040537829

SIGNED this ___5___ day of March, 2004.

Bob McGrath

JUDGE PRESIDING

Unofficial Document