**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| K-5 REALTY, LLC, a Florida limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08 C 1400 |
| v. | ) ) | Honorable Judge Charles R. Norgle |
| CONTRIBUTED MUTUAL BENEFITS MORTGAGE SERVICES, INC., an Illinois corporation, and CHARLES CHRISTIAN, individually, | ) ) ) ) ) | Magistrate Judge Brown  JURY DEMAND |
| Defendants. | ) ) ) | |

**REDACTED EXHIBIT N TO PLAINTIFF'S MOTION FOR
PREJUDGMENT ATTACHMENT ORDER, PRELIMINARY INJUNCTION,
ACCELERATED DISCOVERY, OR OTHER RELIEF PURSUANT TO FRCP 5.2**

# EXHIBIT N

Case 1:04-cv-01945    Document 2    Filed 05/19/2004    Page 1 of 44

FILED
DOCKETED
MAY 2 0 2004
MAY 1 9 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RADAR RIM, INC., a Delaware corporation,
and RADAR RIM HOLDINGS, L.L.C.,
a Michigan limited liability company,

    Plaintiffs,

v.

CMB MORTGAGE SERVICES, INC.,
an Illinois corporation, and
CHARLES CHRISTIAN,

    Defendants.

No. 04 C 1945

Judge Moran

Magistrate Judge Schenkier

JURY DEMANDED

## FIRST AMENDED COMPLAINT

Plaintiffs Radar Rim, Inc. and Radar Rim Holdings, L.L.C., by their attorney and pursuant to Rule 15(a), file this amended complaint as a matter of course against Defendants CMB Mortgage Services, Inc. and Charles Christian as follows:

### Parties

1. Plaintiff Radar Rim, Inc. ("Radar Inc.") is a Delaware corporation with its principal place of business in Morristown, New Jersey.

2. Plaintiff Radar Rim Holdings, L.L.C. ("Radar LLC") is a Michigan limited liability company with a principal place of business in West Bloomfield, Michigan.

3. This complaint will refer to Radar Inc. and Radar LLC collectively as "Plaintiffs."

4. Defendant CMB Mortgage Services, Inc. ("CMB") is an Illinois corporation with its principal place of business in Chicago, Illinois.

5. Charles Christian ("Christian") is the President of CMB and has transacted business in this district, and resides in this judicial district.

---

Case 1:04-cv-01945    Document 2    Filed 05/19/2004    Page 2 of 44

### Jurisdiction and Venue

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

7. CMB is subject to the exercise of personal jurisdiction – both general and specific – in this district.

8. Christian is subject to the exercise of personal jurisdiction – both general and specific – in this district.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) & (2) because CMB and Christian reside in this district, and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district.

### Plaintiffs' Deposit For The Proposed Loan

10. Plaintiffs are involved in a start-up business to develop and market a patented training device for the game of basketball called the "Radar Rim."

11. In order to develop and grow their business, in April 2003 and later months, Plaintiffs discussed with CMB's Christian the possibility of CMB obtaining start-up capital for Plaintiffs through a business loan.

12. In the course of these preliminary discussions, Christian provided Plaintiffs with (a) a brochure describing CMB's business ("the Brochure," attached hereto as Exhibit AA), and (b) a Dun & Bradstreet, Inc. report on CMB ("the D&B Report," attached hereto as Exhibit BB).



2

13. On June 30, 2003, Radar Inc. and CMB entered into a letter agreement (attached hereto as Exhibit A) concerning fees and costs for the proposed business loan.

14. On June 30, 2003, Radar Inc. and CMB entered into a summary of terms and conditions (attached hereto as Exhibit B) concerning the proposed business loan.

15. On July 9, 2003, Radar Inc. and CMB entered into a commitment letter (attached hereto as Exhibit C) concerning the proposed business loan.

16. The commitment letter provided for a closing date for the proposed business loan of September 15, 2003. (Ex. C, p.2.)

17. At the request of CMB's Christian, and as a deposit toward the proposed business loan, on July 8, 2003, Plaintiffs provided CMB with a check (attached hereto as Exhibit D) in the amount of $100,000 made payable to CMB ("the Deposit").

18. Following the execution of the documents discussed above, and the payment of the Deposit, Plaintiffs continued to discussed with CMB's Christian the structure of the proposed business loan, and the many steps that CMB required Plaintiffs to take before arranging the proposed business loan.

19. On August 29, 2003, Plaintiffs sent CMB's Christian a letter (attached hereto as Exhibit E) explaining that Plaintiffs needed more time to take the many steps that CMB required of Plaintiffs for the proposed financing. Plaintiffs asked to extend the closing date for the proposed business loan until October 31, 2003.

20. On September 30, 2003, Plaintiffs sent CMB's Christian a letter (attached hereto as Exhibit F) enclosing loan applications for Radar Inc. and Radar LLC.

21. Ultimately, CMB never set up the proposed business loan that was to close on October 31, 2003.

22. Plaintiffs therefore became concerned that CMB could not or would not set up the proposed business loan. Plaintiffs decided to seek start-up financing through other means.

23. On November 3, 2003, Plaintiffs sent CMB's Christian a letter (attached hereto as Exhibit G) terminating their request for the proposed business loan and asking for the return of the Deposit.

24. On November 8, 2003, November 12, 2003, and December 9, 2003, Plaintiffs made further written requests (attached hereto as Exhibits H, I, and J) to CMB's Christian for the return of the Deposit.

25. In response to these requests, in November and December 2003, CMB's Christian, made several oral promises to return the Deposit and offered various pretenses and false excuses for CMB's delay in returning Plaintiffs' money. CMB failed to honor all of its oral promises to make payment.

26. CMB has not provided Plaintiffs with any written response to any of Plaintiffs' letters requesting the return of the Deposit.

27. CMB's Christian has avoided telephone calls and messages from Plaintiffs about the return of the Deposit.

28. On March 4, 2004, Plaintiffs' Chicago attorney wrote Christian a letter (attached hereto as Exhibit K) asking him to call to discuss this matter.

29. Christian ignored the letter of Plaintiffs' Chicago attorney.

30. After the filing of this lawsuit, Plaintiffs learned that CMB's "Chicago office" consists of a single room in a shared office suite; that CMB did not have any employees at its Chicago office; that Christian could not be found at the Chicago office; and that the Chicago office had no one present who was authorized to act on behalf of CMB.

### Count I (Fraud Against CMB and Christian)

31. Plaintiffs reallege Paragraphs 1 through 30.

32. The entire loan application process was a fraud and scam that Christian, through his company CMB, perpetrated on Plaintiffs. This type of fraud and scam is known in the law enforcement community as an "advance fee" scam.

33. Christian and CMB engaged in a series of acts of fraud and deception that were intentional and that were designed to cheat Plaintiffs out of their money. These acts include, but are not limited to, the following:

(a) Providing Plaintiff with the Brochure, which falsely represented that "we help make dreams come true"; that CMB was a legitimate business; that CMB had "staff members"; that CMB charged its loan customers a legitimate "fee at loan inception of 12% of the loan amount"; and that CMB could and would arrange for legitimate capital financing for its customers;

(b) Providing Plaintiff with the D&B Report, which – based on false information that CMB and Christian supplied to Dun & Bradstreet, Inc. – falsely represented that CMB had 16 employees; that CMB had a net worth over $200 million; and that CMB was a legitimate financial services company;

(c) Informing Plaintiffs' Cedric Kinlow in numerous telephone conversations, beginning on February 5, 2003 and continuing over the next several months, that Christian and CMB could secure financing for the start-up of Plaintiffs' business; that CMB had 16 core employees and outsourced to about 100 brokers; that CMB acquired the ACE Capital Group through a reverse merger; that Christian could get the financing deal done almost immediately through a streamlined process; that Plaintiffs would need

to provide CMB with $100,000 in funds in order to obtain a commitment letter for this financing deal; that Christian and CMB's demand that Plaintiffs provide CMB with $100,000 as part of a financial deal was a legitimate transaction; and that if CMB did not arrange for a financing deal, CMB would return to Plaintiffs the $100,000 "advance fee";

(d) Mailing a letter dated June 30, 2003 to Plaintiff's Cedric Kinlow (attached hereto as Exhibit L) requesting that Plaintiffs "remit ($100,000) which represents the portion of the Fees and Costs due upon singing, by wire transfer;;

(e) After receiving the $100,000 "advance fee" from Plaintiffs, pretending in telephone discussions with Plaintiffs' principals that there were delays in obtaining the financing and that Plaintiffs had to provide further types of documentation and resolutions in order for the loan to be approved; and

(f) After receiving Plaintiffs' notice that it no longer would pursue a financing deal through CMB and its request for the return of the $100,000 "advance fee," conducting telephone conversations with Cedric Kinlow in which Christian lied to Kinlow by telling him that he would return the advance fee, when in fact Christian had no intention of returning the advance fee and had every intention of keeping Plaintiffs' money for himself.

34. By engaging in these series of fraudulent acts against Plaintiffs, CMB and Christian induced Plaintiffs to send them an "advance fee" of $100,000 – which CMB and Christian intended to keep, and in fact did keep, without legal right.

35. These fraudulent acts have cheated Plaintiffs out of $100,000 and thereby caused Plaintiffs to suffer compensatory damages in the amount of $100,000.

36.     Under Illinois' Interest Act, 815 ILCS 205/2, Plaintiffs are entitled to recover pre-judgment interest on the compensatory damages because that amount is due on money advanced for the use of another and/or is money withheld by an unreasonable and vexatious delay of payment.

37.     As alleged above, CMB and Christian's refusal to return the Deposit to Plaintiffs in November 2003 or thereafter, CMB and Christian's refusal to honor the terms of the written agreements that require the prompt return of the Deposit, CMB and Christian's offer of pretenses and false excuses for its delay in returning Plaintiffs' money, CMB and Christian's refusal to respond in writing to Plaintiffs' requests for the return of the Deposit, CMB and Christian's avoidance of Plaintiffs' phone calls, and CMB and Christian's refusal over the past several months to honor its oral promises to return the Deposit to Plaintiffs – all while CMB and Christian were fully aware that Plaintiffs operate a start-up business with limited capital resources – constitute a willful disregard for Plaintiffs' legal rights, a gross failure to honor CMB and Christian's professional duties, and a pattern of conduct that is extreme, malicious, and outrageous. Plaintiffs therefore are entitled to an award of punitive damages against CMB and Christian.

38.     To prevent the dissipation and wrongful diversion by CMB and Christian of the Deposit, and in light of Plaintiffs' clear legal right to the return of the Deposit, Plaintiffs are entitled to the entry of a preliminary injunction that requires CMB and Christian to place the Deposit into an escrow during the pendency of this case (or an order that provides similar interlocutory relief intended to achieve the same result).

WHEREFORE, Plaintiffs respectfully ask this Court to enter a preliminary injunction requiring CMB and Christian to place the Deposit in escrow pending the resolution of this action

7

(or other similar relief), and then enter a final judgment in their favor and against CMB and Christian on Count I for compensatory damages of $100,000, punitive damages in an amount to be determined at trial, pre-judgment interest in an amount to be determined at trial, Plaintiffs' costs of suit, and any other further relief that this Court deems just.

## Count II (Conversion Against CMB and Christian)

39.     Plaintiffs reallege Paragraphs 1 through 30.

40.     Plaintiffs bring this Count in the alternative to Count I, and do not seek any relief in this Count that would duplicate any relief awarded to Plaintiffs under Count I.

41.     Upon receiving the Deposit from Plaintiffs, CMB and Christian held the Deposit for Plaintiffs as their fiduciary, agent, and custodian. Plaintiffs owned the Deposit at all times.

42.     By retaining the Deposit after Plaintiffs terminated their request for the proposed business loan and requested the return of the Deposit on November 3, 2003, CMB and Christian assumed control of the Deposit wrongfully, without authorization from Plaintiffs, and in violation of Plaintiffs' express instructions and Christian and CMB's professional duties to Plaintiffs.

43.     At all relevant times, Plaintiffs have owed the Deposit and have had all legal rights in that property.

44.     Plaintiffs have an absolute and unconditional right to immediate possession of the Deposit.

45.     Plaintiffs have made several demands on CMB and Christian for the return of the Deposit, and CMB and Christian have not returned that property.

8

46.     Accordingly, CMB and Christian have tortiously converted the Deposit and are liable to Plaintiffs for compensatory damages equal to the amount of the Deposit.

47.     Under Illinois' Interest Act, 815 ILCS 205/2, Plaintiffs are entitled to recover pre-judgment interest on the compensatory damages because that amount is due on an instrument of writing, is due on money advanced for the use of another, and/or is money withheld by an unreasonable and vexatious delay of payment.

48.     As alleged above, CMB and Christian's refusal to return the Deposit to Plaintiffs in November 2003 or thereafter, CMB and Christian's refusal to honor the terms of the written agreements that require the prompt return of the Deposit, CMB and Christian's offer of pretenses and false excuses for its delay in returning Plaintiffs' money, CMB and Christian's refusal to respond in writing to Plaintiffs' requests for the return of the Deposit, CMB and Christian's avoidance of Plaintiffs' phone calls, and CMB and Christian's refusal over the past several months to honor its oral promises to return the Deposit to Plaintiffs – all while CMB and Christian were fully aware that Plaintiffs operate a start-up business with limited capital resources – constitute a willful disregard for Plaintiffs' legal rights, a gross failure to honor CMB and Christian's professional duties, and a pattern of conduct that is extreme, malicious, and outrageous. Plaintiffs therefore are entitled to an award of punitive damages against CMB and Christian.

49.     To prevent the dissipation and wrongful diversion by CMB and Christian of the Deposit, and in light of Plaintiffs' clear legal right to the return of the Deposit, Plaintiffs are entitled to the entry of a preliminary injunction that requires CMB and Christian to place the Deposit into an escrow during the pendency of this case (or an order that provides similar interlocutory relief intended to achieve the same result).

WHEREFORE, Plaintiffs respectfully ask this Court to enter a preliminary injunction requiring CMB and Christian to place the Deposit in escrow pending the resolution of this action (or other similar relief), and then enter a final judgment in their favor and against CMB and Christian on Count II for compensatory damages of $100,000, punitive damages in an amount to be determined at trial, pre-judgment interest in an amount to be determined at trial, Plaintiffs' costs of suit, and any other further relief that this Court deems just.

## Count III (Breach of Contract Against CMB)

50.     Plaintiffs realleges Paragraphs 1 through 30.

51.     Plaintiffs bring this Count in the alternative to Counts I and II, and do not seek any relief in this Count that would duplicate any relief awarded to Plaintiffs under Counts I or II.

52.     By wrongfully refusing to return the Deposit after Plaintiffs terminated their request for the proposed business loan and requested the return of the Deposit on November 3, 2003, CMB breached the written agreements that it had with Plaintiffs, including the letter agreement concerning fees and costs for the proposed business loan, the summary of terms and conditions concerning the proposed business loan, and the commitment letter concerning the proposed business loan (Exs. A, B, and C). Through these breaches of contract, CMB lost and waived any right that CMB might otherwise have had to be paid any fees or costs associated with the proposed business loan.

53.     Plaintiffs complied with all of their contractual obligations to CMB.

54.     Radar LLC was a beneficiary of the contracts that Radar Inc. signed, and CMB was aware of this beneficial relationship.

55. Under Illinois' Interest Act, 815 ILCS 205/2, Plaintiffs are entitled to recover pre-judgment interest on the amount due from CMB because that amount is due on an instrument of writing, is due on money advanced for the use of another, and/or is money withheld by an unreasonable and vexatious delay of payment.

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment in their favor and against CMB on Count III for compensatory damages of $100,000, pre-judgment interest in an amount to be determined at trial, Plaintiffs' costs of suit, and any other further relief that this Court deems just.

*PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.*

Respectfully submitted,

RADAR RIM, INC. and
RADAR RIM HOLDINGS, L.L.C.

By ______
Their Attorney

Jay R. Hoffman (No. 6193213)
Suite 802
19 South LaSalle Street
Chicago, IL 60603
(312) 899-0899
jay@hoffmanlegal.com

CMB
MORTGAGE SERVICES, INC.

Some people dream a world of opportunities; at CMB we help make dreams come true.

70 West Madison Street, Suite 1400
Chicago, Illinois 60602
Phone: 312-214-6108
Fax: 312-214-3168

There Are 2 Basic Ingredients That Make Business A "Success" 1 Brains The Other Money If You Have The One See Us About The Other

4) Timing

Timing in a transaction is the most critical element. It can be your greatest asset or liability.

At CMB we close loans, that take other lenders 4 to 6 months to close. We typically get similar loans closed in 60 to 90 days, from the date we receive the completed loan documents from our Borrowers.

CMB
MORTGAGE SERVICES, INC.

70 West Madison Street, Suite 1400
Chicago, Illinois 60602
Phone: 312-214-6108
Fax: 312-214-3168

EXHIBIT
AA

## Lender

CMB was formed to provide mortgages and loans to clients that are real estate investors, builders, developers, product manufacturers and service providers. The staff members of CMB have over 30 years experience in loan origination, processing, underwriting, packaging pooling, selling and servicing mortgages and loans.

## Product

CMB uses as its primary tool structured finance.

Let CMB Be Your Nationwide Lender.

We continue to develop specialized loans to meet the needs of a wide range of customers.

From developers and business borrowers, to manufacturers of cutting edge technology, we lead our competitors in the area of forward commitments.

These are offered to investors and developers with expedited services, that help our customers save money and get to the closing table faster.

## Delivery

We have introduced loan products for different market segments that go far beyond the every day commercial loan. To structure these specialized loan products we call upon the talents of a variety of Financial Specialists including but not limited to, Bond & Insurance Underwriters, along with Accountants, Legal Counsel and Investment Bankers. For these specialized services our Borrowers pay a fee at loan inception equal to 12% of the loan amount. In some instances the loan can be structured so that the fee can be returned to the Borrower at closing and financed over the life of the loan. This can creates for some of our Borrowers financing of 100%.

## Requirements

Generally all Projects and Properties must have a value not less than 30% above the amount of the loan we make, at the time of completion. Loans can be structured with no prepayment penalty. The debt service ratio can be 1.2 to 1 or higher depending on the type of Project or Property to be financed. Interest rates range from 1 to 5% over the prevailing prime rate at the time of closing and is determined by the type of Project or Property to be financed. Loans can be amortized over a 20, 25 or 30-year term and have a 3, 5 or 7-year balloon. Loans can be structured with Interest only or Principal and Interest payments.

This Could Be Your Business.

## Benefits

1) Structure Financing

a) A loan tailored and designed to meet your needs.

b) Financing for difficult transactions.

2) Forward Commitment

a) A bankable commitment that can be used in many ways:

- To get a bridge loan prior to closing ( the additional capital needed to make the deal work).

From Building A Few Homes To Building Communities.

- To create all cash purchase.
- No money down deals.
- 100% financing.

3) Significant Cost Savings

a) CMB financing can be achieved with as little as 12% out of pocket, on loans that normally require 30% down plus cost and fees.

b) At CMB finance decisions that normally take weeks with other Lenders, are given to our customers typically in 3 to 5 days.

---

**Business Reports**

03-012-4197

030412
CMB MORTGAGE SERVICES, INC.

COPYRIGHT 2003 DUN & BRADSTREET INC.
ALL RIGHTS RESERVED

*IN DATE* Statement Date: SEP 30 2001

| | | | |
|---|---|---|---|
| DUNS: [redacted]4197 | DATE PRINTED | SUMMARY | |
| CMB MORTGAGE SERVICES, INC. | APR 18 2003 | RATING | ER6 |
| 70 W MADISON ST STE 1400 | ORIGINATE, | STARTED | 2000 |
| CHICAGO IL 60602 | PACKAGE, POOL & | WORTH | $200,121,758 |
| TEL: 312 214-6108 | SELL COMMERCIAL | EMPLOYS | 16 |
| | MULTI FAMILY LOANS | HISTORY | CLEAR |
| | SIC NO. | | |
| | 61 62 | | |

CHIEF EXECUTIVE: CHARLES CHRISTIAN, PRESIDENT

* * * CUSTOMER SERVICE * * *

If you need any additional information or have any questions, please call the D&B Online Customer Service Center at 1-800-223-1026.

* * * SUMMARY ANALYSIS * * *

The Summary Analysis section reflects information in D&B's file as of April 14, 2003.

RATING SUMMARY . . . .

Those businesses which do not lend themselves to a D&B Rating are assigned an Employee Range designation (ER) which indicates size in terms of number of employees. An ER6 indicates an employee range from 10 to 19.

Below is an overview of the company's D&B Rating(s) since 11/15/01:

| RATING | DATE APPLIED |
|---|---|
| ER6 | 11/15/01 |

* * * PAYMENT SUMMARY * * *

The Payment Summary section reflects payment information in D&B's file as of the date of this report.

The PAYDEX for this company is 68.

EXHIBIT
BB

reported.

```
FINANCE
05/18/02

  Cash              Pro Forma statement dated SEP 30 2001:
    $    121,758    Accts Pay        $          0
  segured notes
  held 2%          200,000,000
                                                       0
                    Curr Liabs                         0
                    COMMON STOCK               1,001,000
  Curr Assets  200,121,758    ADDT. PD-IN CAP  199,120,758

  Total Assets   200,121,758   Total           200,121,758
```

Submitted JAN 04 2002 by Charles Christio, President. Prepared
from statement by by Accountant:Adjcney & Bell, LLC.
ACCOUNTANTS OPINION: - CMB MORTGAGES SERVICES, INC. as of
September 30, 2001, in conformity with generally accepted accounting
principles.

                    -0-

        Sources contacted verified information on May 02, 2002.

```
HISTORY
05/18/02

CHARLES CHRISTIAN, PRESIDENT        DEON HOWARD, SECRETARY
DIRECTOR(S): THE OFFICER(S)
```

* * * CORPORATE AND BUSINESS REGISTRATIONS * * *
        PROVIDED BY MANAGEMENT OR OTHER SOURCE.

The Corporate details provided below may have been submitted by the
management of the subject business and may not have been verified with
the government agency which records such data.

REGISTERED NAME: CMB Mortgage Services, Inc.

CORPORATION TYPE: PROFIT        FILING DATE: 03/13/2000
BUSINESS TYPE: CORPORATION

STATE OF ORGANIZATION (INCORPORATION): ILLINOIS
DATE OF ORGANIZATION (INCORPORATION): 03/13/2000

STATUS: ACTIVE
STATUS ATTAINED: 03/13/2000
WHERE FILED: Illinois Secretary of State, Springfield, IL

        Business started 2000 by officers. 100% of capital stock is
owned by officers.
        CHARLES CHRISTIAN. Antecedents are undetermined.

---

This PAYDEX score indicates that payments to suppliers average 17 days beyond
terms, weighted by dollar amounts. When dollar amounts are not considered,
approximately 69% of the company's payments are within terms.

Below is an overview of the company's dollar-weighted payments, segmented by
its suppliers' primary industries:

| | TOTAL RCV'D | TOTAL DOLLAR AMOUNTS | LARGEST HIGH CREDIT | % W/IN TERMS | DAYS SLOW <31 | 31-60 | 61-90 | 91+ |
|---|---|---|---|---|---|---|---|---|
| | # | $ | $ | % | % | % | % | % |
| Total in D&B's file | 4 | 1,250 | 500 | | | | | |
| Payment By Industry: | | | | | | | | |
| 1 Nonclassified | 2 | 500 | 250 | 75 | 25 | -- | -- | -- |
| 2 Rnl mail-order house | 1 | 500 | 3500 | 50 | 50 | -- | -- | -- |
| 3 Whol office supplies | 1 | 250 | 250 | 50 | 50 | -- | -- | -- |

Other Payment Categories:

| | NOW OWES | PAST DUE |
|---|---|---|
| Cash experiences | 0 | 0 |
| Payment record unknown | 0 | 0 |
| Unfavorable comments | 0 | 0 |
| Placed for collection | | |
|   with D&B | 0 | 0 |
|   other | 0 | N/A |

The highest "Now Owes" on file is $250
The highest "Past Due" on file is $ 0

D&B receives nearly 400 million payment experiences each year. We enter these
new and updated experiences into D&B Reports as this information is received.

PAYMENTS  (Amounts may be rounded to nearest figure in prescribed ranges)

Antic - Anticipated  (Payments received prior to date of invoice)
Disc  - Discounted   (Payments received within trade discount period)
Ppt   - Prompt       (Payments received within terms granted)

| REPORTED | PAYING RECORD | HIGH CREDIT | NOW OWES | PAST DUE | SELLING TERMS | LAST SALE WITHIN |
|---|---|---|---|---|---|---|
| 03/03 | Ppt-Slow 30 | 500 | 250 | -0- | N30 | 1 Mo |
| | Ppt-Slow 30 | 250 | -0- | -0- | N30 | 6-12 Mos |
| 10/02 | Ppt-Slow 30 | 250 | 50 | -0- | -0- | 1 Mo |
| | Ppt | 250 | -0- | -0- | | 6-12 Mos |

    * Payment experiences reflect how bills are met in relation to the
terms granted. In some instances payment beyond terms can be the
result of disputes over merchandise, skipped invoices etc.
    * Each experience shown represents a separate account reported by a
supplier. Updated trade experiences replace those previously



# CMB MORTGAGE SERVICES, INC.
Multi-family Industrial Commercial

June 30, 2003

CONFIDENTIAL

Cedric Leander Kinlow, CEO
43 Ford Avenue #5
Radar Rim Corporation
Morristown New Jersey 07960

RE:  Radar Rim Corporation

Dear Mr. Cedric Leander Kinlow,

This is the Fee & Costs Letter referred to in our letter to you of even date along with the Summary of Terms & Conditions Statement. This confirms the fee & costs that you agree to pay us in consideration for the proposed commitments made by us and the services rendered and to be rendered by us in connection with the Financing.

BUSINESS LOAN:  The Business Loan of $1,000,000 will be disbursed at closing. By agreement the Borrower shall pay 10% of the total amount of the Business Loan ($100,000) to CMB to cover, it's Fee and Costs, which is due upon signing hereof. The Business loan will be increased to include the following: 1) the return of the Fee and Costs paid to CMB, 2) a 15-month principle and interest payment reserve, and 3) credit enhancement.

COMMITMENT FEE, COSTS AND CLOSING FEE: (CFC&CF)  10% of the total amount of the Business Loan ($100,000) which represents the (CFC&CF), is payable to CMB. The Loan of $1,000,000 shall be increased to ($1,100,000) to include the return of the (CFC&CF) paid prior to closing. $100,000 the (CFC&CF) is payable to CMB upon execution of this Letter. In the event the transaction contemplated by the Terms & Conditions Statement does not close, all payments received by CMB except 1% of the Loan amount shall be returned to you. The 1% shall be used to pay our expenses including fees of our counsel in connection with the negotiation of the Commitment Letter and the Loan documents. Within 48 hours of payment of the above-mentioned $100,000 and our receipt of the following: 1) a signed copy of this Fee & Costs Letter, 2) a signed copy of the Terms & Conditions Statement, the Commitment Letter will be forwarded to you.

70 West Madison Street, Suite 1400, Chicago, Illinois 60602
(312) 214-6108 • Fax (312) 214-3168

---

DEON HOWARD. Antecedents are undetermined.

OPERATION
05/18/02  Originate, package, pool and sell commercial multi-family loans.
ADDITIONAL TELEPHONE NUMBER(s): Facsimile (Fax) (312) 241-3168.
Revenues are derived through commissions and fees. Sells to general
public and commercial concerns.  Territory : Statewide.
Nonseasonal.
  EMPLOYEES:  16 which includes officer(s).
  FACILITIES:  Occupies premises in a building.
  LOCATION:  Central business section on well traveled street.
04-18/1VX   /0011      99999      002185185

Return to the list of Available Reports

TOTAL REIMBURSEMENT:

In the event the transaction contemplated by the Terms & Conditions Statement does close, the total amount of the Commitment Fee, Costs and Closing Fee ($100,000) shall be reimbursed to you at closing from the Loan proceeds. The ($100,000) added to the Loan amount will be financed over the life of the Loan.

You agree that the above fees are fully earned on the date payable as provided above and once paid, except as otherwise provided, will not be refundable. Your obligations under this Fee Letter will survive the Closing.

If you are in agreement with the foregoing, please sign and return to us a copy of this Fee Letter.

Very truly yours,

CMB Mortgage Services, Inc.

By: _____

Charles Christjohn, President

Accepted and agreed to:

Radar Rim Corporation

Cedric Leander Kislow, CEO

By: _____
(Signature)

_____
(Type or Print Name)

Title: _Cedric Kislow_
       _President + CEO_

Dated: _7/3/03_

---

Radar Rim Corporation

Confidential – June 2003

iRadar Rim Corporation
$1,000,000 Business Loan

## SUMMARY OF TERMS AND CONDITIONS

**BORROWER:** Radar Rim Corporation

**LENDER:** CMB Mortgage Services, Inc. ("CMB")

**Business Loan:** A $1,000,000 Business Loan which includes the return of (CFC&CF) paid. Upon execution and delivery of the Loan Agreement the full amount of the proceeds of the Business Loan will be disbursed through Chicago Title Insurance Co ("CTIC") for the purpose of funding the operation of the business, paying the cost of marketing and advertising, financing expense, a payment reserve, credit enhancement, loan costs and fees all in accordance with the plans and specifications to be submitted by the borrower to CMB 30 days prior to Closing. The loan amount has been increased to cover the cost of a 15-month payment reserve, increase in the Business Loan amount will be stated in our Commitment.

**MATURITY DATE:** Three years from the date of closing (the "Maturity Date").

**PURPOSE:** The portion of the proceeds of the Business Loan to be disbursed to the Borrower at closing shall be used to fund the operation of the business, pay the cost of marketing and advertising, financing expense, a payment reserve, credit enhancement, loan costs and fees all in accordance with plans and specifications to be submitted by the borrower to CMB 30 days prior to closing, along with a detailed Use of Proceeds Statement.

**INTEREST RATE:** A fixed rate of 450% above the prevailing Prime Rate of interest on the date of Closing (The "Interest Rate"). "Prime Rate" means the Prime Rate of interest announced in the Wall Street Journal as the Prime Rate of Interest two weeks prior to the date of closing.

**PAYMENTS:** Principal and interest shall be due and payable monthly in arrears. The Borrower will pay twelve months of interest at Closing, which payment shall be made from the loan proceeds, and thereafter, will be held by CMB as a payment reserve. The Loan will be amortized over 25 years, the term of the Business Loan, with a balloon payment of all remaining principal and interest in the 36th month. Any principal remaining, plus accrued interest shall be due and payable on the Maturity Date. The first payment for the loan will be due 90 days after the date of closing, to allow the borrower the amount of time requested for set up.

**CFC&CF:** $100,000 is due upon the execution of the Fee & Costs Letter and this Terms & Conditions Statement and shall be paid as agreed.

**DEFAULT RATE OF INTEREST:** Upon the occurrence of an event of default under the loan documents, a default rate of interest will be charged equal to three percent (3%) above the Interest Rate.

Confidential

CMB Mortgage Services, Inc.
Summary of Terms and Conditions

EXHIBIT
B

Radar Rim Corporation

**REFINANCE:**

CMB and the Borrower shall agree on refinance terms (if any) for the Business Loan on or before six (6) months prior to the Maturity Date. CMB's decision whether to refinance the Business Loan shall be in its sole and absolute discretion.

**SECURITY:**

The Business Loan will be secured by, among other things, the pledge by Radar Rim Corporation an assignment of certain personal and real property of the Owner including business assets, property, stock, equipment, fixtures, contracts, materials, supplies, Keyman insurance for Key prospects in the total amount of the Loan, along with, a first priority lien on all bank and Lock Box accounts of the Borrower and all other assets and guarantees of Radar Rim Corporation including any and all funds and receivables.

**OPTIONAL PREPAYMENT:**

Borrower may prepay the Business Loan or reduce the principal amount of the loan, without penalty on five-business days's advance notice. Prepayments will be at least $30,000 and multiples of $10,000 and will include interest accrued to the prepayment date.

**CONDITIONS PRECEDENT TO CLOSING:**

The Business Loan will be subject to the satisfaction of conditions precedent usual and customary for transactions of this nature including but not limited to the following:

1) Due diligence satisfactory to CMB;

2) A collateral/income review of the Borrower's satisfactory to CMB;

3) No material adverse change prior to Closing;

4) Other conditions deemed appropriate;

5) Borrower must complete and return the Loan Application, provide Insurance(s), Bond(s), Licenses, and Permits, necessary to operate the Business 30 days prior to closing;

6) Letters of Interest from potential customers, a potential Client List and sales program.

7) The Appraisal Assessment of the Business Plan, Projections and the Feasibility Study must reflect that the Business will have a value not less than 50% above the amount of the loan, at the start of operation;

8) Draw Schedule provided 30 days before closing for money to be held at CTYC;

---

Radar Rim Corporation

9) The income projections must be reviewed and signed by a CPA. The projections must also reflect that the Borrower has income to debt service the Loan and a structure to repay the debt in three (3) years.

**LOAN DOCUMENTS:**

The Business Loan will be subject to the negotiation, execution and delivery of a loan agreement and other loan documents, which will contain conditions to borrowings, representations and warranties, covenants, events of default, indemnification and other provisions that are customary for similar financings by CMB. Counsel for CMB will prepare the loan documents.

**FEES, EXPENSES AND INDEMNIFICATION:**

Whether or not a loan agreement is executed, the Borrower will (a) pay all fees and expenses of CMB (including fees and expenses of outside counsel) relating to the preparation of the loan documents (including the commitment letter) or to the Business Loan, and (b) indemnify CMB and its directors, officers and employees against all claims asserted and losses, liabilities and expenses incurred in connection with the Business Loan.

**GOVERNING LAW:**    State of Illinois.

This Summary of Terms and Conditions is not intended to be, and should not be construed as, a commitment to lend, nor should it be construed as an attempt to establish all of the terms and conditions relating to the Business Loan. It is intended only to be indicative of certain terms and conditions around which credit approval may be sought, and once approved, how the loan documents might be structured, and not to preclude negotiations within the general scope of these terms and conditions. The loan documents containing final terms and conditions will be subject to approval by Borrower and CMB.

# CMB MORTGAGE SERVICES, INC.
Multi-family Industrial Commercial

CONFIDENTIAL

July 9, 2003

COMMITMENT

Cedric Leander Kinlow
Radar Rim Corporation
43 Ford Avenue, # 5
Morristown, New Jersey 07960

RE: Business Loan for Radar Rim Corporation

Dear Mr. Kinlow,

**Financing.** Radar Rim Corporation ("you" or "Company") has advised CMB Mortgage Services, Inc. ("we" or "us" or "CMB") that the Company would like to have $1,000,000 Dollars available to be used to fund the operation of the business, pay marketing and advertising costs, financing expenses, purchase credit enhancement, fund a 15 month interest and principal payment reserve, pay loan costs and fees all in accordance with plans and specifications to be submitted by the Company to CMB 30 days prior to closing, along with a detailed Use of Proceeds Statement. The financing we propose ("Financing") is described in the Summary of Terms and Conditions you received from us hereinafter called ("Term Sheet"), and consists of a $1,100,000 Business Loan secured by, among other things, the pledge and assignment by the Company of the Company's stock, equipment, fixtures, leases, contracts materials and supplies along with a first priority lien on all bank and Lock Box accounts of the Borrower and all other assets and guarantees of the Company including any and all reserve funds, all as more specifically set forth on the Term Sheet.

**Commitment.** Subject to the terms and conditions of this letter, we are pleased to commit $1,100,000 to the Business Loan. Upon the execution and delivery of the loan documents satisfactory to CMB a closing will be set ("Closing"), at Chicago Title Insurance Company ("CTIC"), through which proceeds for disbursements from the Loan shall be made available. Additional business addresses and a detailed list of corporate assets will be provided by the Borrower and shall be attached as an Exhibit to our Commitment.

70 West Madison Street, Suite 1400, Chicago, Illinois 60602
(312) 214-6108 - Fax (312) 214-3168

EXHIBIT C

---

Confidential - June 2003

Radar Rim Corporation

If you are in agreement with the foregoing, please sign and return to us a copy of this Terms & Conditions Statement and the Fee & Costs Letter, no later than 5:00 p.m., Central Daylight Savings Time (Chicago local time), July 3, 2003. Our agreements herein will expire at that time if by then we have not received such signed letters.

We look forward to working with you on this transaction.

Very truly yours,

CMB Mortgage Services, Inc.

[signature]
Charles Christian, President

Accepted and agreed to:

Radar Rim Corporation

Cedric Leander Kinlow, CEO

[signature]
(Signature)

Cedric Kinlow
(Type or Print Name)

Title: President & CEO
Dated: 7/3/03

CMB Mortgage Services, Inc.
Summary of Terms and Conditions

Confidential

You agree not to disclose this letter, the Fee Letter or any of their terms, directly or indirectly, to any person other than your employees, agents and advisors who are directly involved in the Financing or related transactions and agree not to disclose the same, or as may be required by law (in which case you agree to inform us promptly thereof), provided that after you sign and return this letter, the foregoing restrictions will cease to apply to this letter but continue to apply to the Fee Letter. This letter is for your benefit only and may not be relied upon by, and does not, create any rights in favor of, any other person or entity, including those who are authorized to receive copies hereof. Please sign and return to us a copy of this letter by July 14, 2003.

We look forward to working with you on this transaction.

Very truly yours,

CMB Mortgage Services, Inc.

By: _____
Name: Charles Christian
Title: President

Accepted and agreed to:

Radar Rian Corporation

Cedric Leander Kinlow
_____ (Signature)
Cedric Leander Kinlow
Title: President & CEO
Dated: 7/15/03

---

**Conditions to Commitment.** Our commitment is conditioned on (d) no material adverse change occurring in the business, assets, financial condition, performance or prospects of the Company, (b) or being satisfied with the results of our continuing due diligence review of the Company, the collateral and discovering no information in the course of our due diligence or otherwise that we believe has a materially negative impact on any of the items in this subparagraph (b) or subparagraph (e) above, (d) the information provided by the Company as described above being correct and complete in all material respects, (d) the conditions to be set forth in the loan documents being satisfied, (e) no litigation or other action being pending or threatened seeking an injunction, damages or other relief relating to the Financing that will survive the closing, (f) you must demonstrate the ability to generate the amount of sales required to debt service the loan and repay principal, and (g) there being no material adverse change occurring in governmental regulation or policy that adversely affects you or us. Our commitment is also conditioned on the negotiation, execution, and delivery of loan documents acceptable to you, respective counsel, and us no later than August 29, 2003. The Term Sheet does not include all of the conditions, covenants, representations, warranties, defaults, definitions and other terms to be contained in the loan documents, some of which must still be developed and agreed upon. We reserve the right to propose additional terms.

**Closing.** The closing date shall be September 15, 2003. You must provide all documentation which shall include feasibility study, projections, contracts, estimates and associated documents to us (30) days prior to the date of closing.

**Indemnification and Expenses.** You agree to indemnify and hold harmless us and our directors, officers, employees, agents, attorneys and affiliates (each, an "indemnified person") from and against all losses, claims, damages, liabilities and expenses which may be incurred by or asserted against an indemnified person in connection with or arising out of this letter, the Financing, the use of the proceeds thereof, or any related transaction, regardless of whether the indemnified person is a party hereto, and to reimburse each indemnified person on demand for all reasonable legal and other expenses incurred in connection with investigating or defending any of the foregoing, provided that this indemnity will not, as to any indemnified person, apply to losses, claims, damages, liabilities or expenses arising from the willful misconduct or gross negligence of such indemnified person or any breach by such indemnified person of its obligations under this letter. No party hereto will be liable to any other party hereto for indirect or consequential damages relating to any such matters. You also agree to pay all of our reasonable expenses (including fees and expenses of our outside counsel) incurred in connection with preparing, negotiating and enforcing this letter and the loan documents, conducting the due diligence reviews, and related matters.

**General.** Your obligations under Indemnification and Expenses above will survive the Closing or the expiration or termination of our commitments in this letter.

This letter is supplemented by a separate, previously approved by you, Fees, and Costs Letter dated June 30, 2003 from us (the "Fee Letter"). This letter and the Fee Letter constitute the entire understanding of the parties hereto with respect to the subject matter hereof and supersede all prior and current understandings and agreements, whether written or oral. Any changes to this letter or the Fee Letter must be agreed in writing by the parties hereto. This letter and the Fee Letter may be executed in any number of counterparts (and delivery of an executed counterpart by telecopy will be effective as delivery of a manually executed counterpart), which together will constitute one agreement, and will be governed by and construed in accordance with the internal laws of the State of Illinois. The parties hereto hereby waive any right to trial by jury with respect to any claim, action, suit, or proceeding arising out of or contemplated by this letter

# RADAR RIM INCORPORATED

Date: August 29, 2003

From the Office of:
Cedric L. Kinlow
Chief Executive Officer
Radar Rim Incorporated
43 Ford Avenue #5
Morristown, New Jersey 07960
(313) 623-7261 main
(914) 931-9898 fax
CKinlow@EarthLink.net

To:
Charles Christian
President, CMB Mortgage Services Incorporated
70 West Madison Street, Suite 1400
Chicago, Illinois 60602
(480) 348-8168 main
(480) 563-3374 / (312) 214-1672 fax
CharlesChristian76?@msn.com

RE: FINANCING EXTENSION REQUEST

Dear Mr. Christian,

With respect to the Structured Financing arrangement in progress for Radar Rim Incorporated, please note this letter is a formal request to extend the closing date on said agreements through October 31, 2003.

This timeframe was determined using our best conservative estimates, taking into account circumstances beyond the control of Radar Rim Incorporated with respect to CFA signoff and issuance of Key Man Insurance.

Radar Rim Incorporated acknowledges that an extension to this date may require some modification to the structured arrangement as defined in the Terms and Conditions as of June 29, 2003. We believe that any modifications in this regard will not adversely affect any material conditions for the Loan to close.

While we do not expect this process to be extended to this date, Radar Rim Incorporated believes this will be in the best interest of all parties involved to ensure a smooth closing transaction.

If any other documentation is required to fulfill this extension request, please send them to the address as noted above, and / or utilize my fax or email.

Your assistance is greatly appreciated in this matter. If you require any other information to process this request, please advise immediately.

Best Regards,

Cedric L. Kinlow
CEO, Radar Rim Incorporated

EXHIBIT E





EXHIBIT D

p. 1

* * * Transmission Result Report(Immediate TX) ( Aug.29. 2003 9:35AM ) * * *
1) PACKARD INDUSTRIES 973 334 5510
2) PACKARD INDUSTRIES 973 334 5510

File No.
7726

| Date | Time | Destination | Mode | TXtime | Page | Result | Pers. Name |
|------|------|-------------|------|--------|------|--------|------------|
| Aug.29. | 9:34AM | 14805633971 | G3STES | 0'37" | P. 2 | OK | |

B : Batch
R : Report
RE : ReDuction

C : Confidential
S : Send Later
SD : Detail later

S : Transfer
# : Firewidine
F@L : Fine

P : Polling
EM : ReDuine
AED : Super Fine

p. 1

* * * Transmission Result Report(Immediate TX) ( Aug.29. 2003 9:44AM ) * * *
1) PACKARD INDUSTRIES 973 334 5510

File No.
7726

| Date | Time | Destination | Mode | TXtime | Page | Result | Pers. Name |
|------|------|-------------|------|--------|------|--------|------------|
| Aug.29. | 9:44AM | 13122143168 | G3STES | 0'29" | P. 2 | OK | |

B : Batch
R : Report
RE : ReDuction

C : Confidential
S : Send Later
SD : Detail later

S : Transfer
# : Firewidine
F@L : Fine

P : Polling
EM : ReDuine
AED : Super Fine

# RADAR RIM INCORPORATED

Date: September 30, 2003

From the Office of:
Cedric L. Kinlow
Chief Executive Officer
Radar Rim Incorporated
43 Ford Avenue #5
Morristown, New Jersey 07960
(313) 623-7263 main
(914) 931-9898 fax
CKinlow@Earthlink.net

To:
Charles Christian
President, CMB Mortgage Services Incorporated
70 West Madison Street, Suite 1400
Chicago, Illinois 60602
(480) 348-8168 main
(480) 563-3374 / (312) 214-1672 fax
CharlesChristian767@msn.com

RE: RADAR RIM FINANCING REQUEST

Dear Mr. Christian,

Enclosed within this package are 2 loan applications for Radar Rim. One application is for Radar Rim Holdings, the other for Radar Rim Incorporated. Radar Rim Holdings is the parent company of Radar Rim Incorporated and owns the intellectual property termed the Radar Rim. Radar Rim Incorporated is the operational company, tasked with the manufacture, marketing and distribution of the Radar Rim. We were unsure which arrangement was best for this loan process.

With respect to the financing arrangement our projected closing date is October 31, 2003. This timeframe was determined using our best conservative estimates. If any other documentation is required to close the loan, please send all documentation requests to the address as noted above, and / or utilize my fax or email.

In the unfortunate event that we are not issued the loan, per our conversations, the penalty will be 10% of the $100,000 rendered. In this case, please remit the balance of $90,000 addressed to Radar Rim Holdings, LLC in care of Cedric Kinlow at the address above by November 15, 2003 or no later than 2 weeks after the loan has been declined.

Your assistance is greatly appreciated in this matter. If you require any other information to process this loan request, please advise immediately. I look forward to meeting you in person at the closing in Chicago.

Best Regards,

Cedric L. Kinlow
CEO, Radar Rim Incorporated

EXHIBIT
F

---

# RADAR RIM INCORPORATED

Date: November 3, 2003

From the Office of:
Cedric L. Kinlow
Chief Executive Officer
Radar Rim Incorporated
43 Ford Avenue #5
Morristown, New Jersey 07960
(313) 623-7263 main
(914) 931-9898 fax
CKinlow@Earthlink.net

To:
Charles Christian
President, CMB Mortgage Services Incorporated
70 West Madison Street, Suite 1400
Chicago, Illinois 60602
(480) 348-8168 main
(480) 563-3374 / (312) 214-1672 fax
CharlesChristian767@msn.com

RE: TERMINATION OF FINANCING REQUEST

Dear Mr. Christian,

This letter is a formal request to terminate the potential structured financing arrangement for Radar Rim Incorporated. Our projected closing was October 31, 2003. This timeframe was determined using our best conservative estimates, however, we were unable to come to a closing by that date.

Unfortunately, our timing dictates that we terminate the loan request and utilize our funding to strategically strengthen our product prior to market entry. Per our phone conversations and documents, please remit the deposit of $100,000 addressed to Radar Rim Holdings, LLC in care of Cedric Kinlow at the address above by November 10, 2003 If any other documentation is required for termination, please send them to the address as noted above, and / or utilize my fax or email.

Your assistance is greatly appreciated in this matter. If you require any other information, please advise immediately.

Best Regards,

Cedric L. Kinlow
CEO, Radar Rim Incorporated



EXHIBIT
F

* * * Transmission Result Report (Immediate TX) ( Nov. 3. 2003 12:29PM ) * * *

P. 1

1) PACKARD INDUSTRIES 913 334 7310

| Date | Time | Destination | Mode | TXtime | Page | Result | Pers. Name |
|------|------|-------------|------|--------|------|--------|------------|
| Nov. 3 | 12:28PM | 3132143116 | G3TS | 0'45" | F 1 | OK | |

File No. 9593

* : Batch
M : Memory
S : Standard
R : Reduction

C : Confidential
D : Detail

P : Polling
E : ECM
U : Super Fine

1 : Transfer
F : Fine/Fine

---

* * * Transmission Result Report (Immediate TX) ( Nov. 3. 2003 8:25AM ) * * *

P. 1

1) PACKARD INDUSTRIES 972 832 3510

| Date | Time | Destination | Mode | TXtime | Page | Result | Pers. Name |
|------|------|-------------|------|--------|------|--------|------------|
| Nov. 3 | 8:23AM | 14805839374 | G3TS | 0'37" | 0 1 | OK | |

File No. 9502

* : Batch
M : Memory
S : Standard
R : Reduction

C : Confidential
D : Detail

P : Polling
E : ECM
U : Super Fine

1 : Transfer
F : Fine/Fine

---

# RADAR RIM INCORPORATED

Date: November 12, 2003

From the Office of:
Cedric L. Kinlow
Chief Executive Officer
Radar Rim Incorporated
43 Ford Avenue #5
Morristown, New Jersey 07960
(313) 623-7263 main
(914) 931-9898 fax
Ckinlow@earthlink.net

To:
Charles Christian
President, CMB Mortgage Services Incorporated
70 West Madison Street, Suite 1400
Chicago, Illinois 60602
(480) 348-8168 main
(480) 563-3374 / (312) 214-1672 fax
CharlesChristian767@msn.com

RE: DEPOSIT REFUND BY WIRE

Dear Mr. Christian,

Per our phone conversation, please remit the deposit of $100,000 and any accrued interest via wire to the following account:

Bank - JP Morgan Chase
Wire - ___0021
Account - ___465

Please advise the date this transfer is to occur. Your assistance is greatly appreciated in this matter. If you require any other information, please advise immediately.

Best Regards,

Cedric L. Kinlow
CEO, Radar Rim Incorporated

EXHIBIT I

---

Page 1 of 1

From:    Cedric Kinlow
To:      CharlesChristian767@msn.com
Date:    11/8/2003 11:18:54 AM
Subject: Loan Termination

Charles,

Per my phone message attached is a formal request to terminate the loan process. Unfortunately, we were unable to meet our timing requirements and we need to proceed in other areas of our business. I will fax a copy of the signed document to your offices. Please remit the $100,000 by the 10th.

Thanks

Cedric Leander Kinlow
CEO, Radar Rim
Radar in with the Radar Rim!
A NEW KIND OF TRAINING
A NEW KIND OF GAME
ckinlow@earthlink.net
phone: 313 623-7263
e-fax: 914-931-9898

EXHIBIT H

# RADAR RIM INCORPORATED

EXHIBIT
7

Date: December 9, 2003

From the Office of:
Cedric L. Kinlow
Chief Executive Officer
Radar Rim Incorporated
43 Ford Avenue #5
Morristown, New Jersey 07960
(313) 623-7263 main
(914) 931-9898 fax
CKinlow@earthlink.net

To:
Charles Christian
President, CMB Mortgage Services Incorporated
70 West Madison Street, Suite 1400
Chicago, Illinois 60602
(440) 348-8108 main
(440) 563-3374 / (312) 214-4677 fax
CharlesChristian767@msn.com

RE: LOAN TERMINATION & DEPOSIT REFUND BY WIRE

Dear Mr. Christian,

Per our phone conversations and correspondence, the deposit of $100,000 was to be returned, via wire, within 30 days of formal notification of termination of our financing request. We formally notified CMB via electronic and facsimile media on November the 3rd. You indicated that we would receive our deposit no later than December the 5th 2003. Remit the deposit and any accrued interest no later than Monday, December the 15th. Again, please wire the deposit to the following account:

Bank - JP Morgan Chase
Wire ████ 0021
Account ████ 465

Best Regards,

Cedric L. Kinlow
CEO, Radar Rim Incorporated

---

Transmission Result Report (Immediate TX) ( Nov. 12, 2002 12:31PM )    P. 1

1) PACKARD INDUSTRIES 513 334 3516
2)

| Date | Time | Destination | Mode | TX/time | Page | Result | Pers. Name |
|------|------|-------------|------|---------|------|--------|------------|

NOV. 12  12:30PM 16309689374          G3-TX     0:28  P. 1  OK                    9855

File No.

4 : Batch                          C : Confidential          1 : Transfer        P : Polling
L : Memory                         L : Send later           G3 : Send later      U : Scan. fine
T : Standard                       D : Detailed             F : Forwarding
S : Redaction

Case 1:04-cv-01945    Document 2    Filed 05/19/2004    Page 40 of 44

Transmission Result Report(Immediate TX) ( Dec.10. 2003 9:64AM ) * * * P. 1

PACKARD INDUSTRIES 972 934 35:0

| Date | Time | Destination | Mode | TX/time | Page | Result | Pers. Name |
|------|------|-------------|------|---------|------|--------|-----------|
| Dec.10 | 9:53AM | 14EC663337-4 | G3TES | 0:75" | P. 1 | OK | |

C : Confidential    T : Transfer    P : Polling
L : Send to    F : Forwarding    ECM
D : Detail(ly)    ＃ : Memory TX    U : Sonar Fine

＃ : Batch
M : Standard
D : Standard
V : Reduction

---

Case 1:04-cv-01945    Document 2    Filed 05/19/2004    Page 39 of 44

Transmission Result Report(Immediate TX) ( Dec.10. 2003 11:61AM ) * * * P. 1    File No. 6523

PACKARD INDUSTRIES 973 934 35:0

| Date | Time | Destination | Mode | TX/time | Page | Result | Pers. Name |
|------|------|-------------|------|---------|------|--------|-----------|
| Dec.10. 11:01AM | | 3122143166 | G3TES | 0:18" | P. 1 | OK | |

C : Confidential    T : Transfer    P : Polling
L : Send to    F : Forwarding    ECM
D : Detail(ly)    ＃ : Memory TX    U : Sonar Fine

＃ : Batch
M : Standard
D : Standard
V : Reduction

Fax-History Report for
Jay R. Hoffman
(312) 899-8201
Mar 04 2004 3:03pm

HP OfficeJet G Series G85xi
Personal Printer/Fax/Copier/Scanner

**Last Fax**

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Mar 4 | 3:02pm | Sent | 3168 | 0:27 | 1 | OK |

Result:
OK - black and white fax
Okay color - color fax

---

# JAY R. HOFFMAN

Attorney At Law

March 4, 2004

BY FAX # (312) 214-3168

Charles Christian
CMB Mortgage Services, Inc.
Suite 1400
70 West Madison Street
Chicago, IL 60602

Re:    Radar Rim Inc.

Dear Mr. Christian:

I am the Chicago counsel for Radar Rim Inc. ("Radar Rim"). As you know, for the past several months, your company, CMB Mortgage Services, Inc. ("CMB"), has made repeated promises to return to Radar Rim a very large amount of money. Last year, Radar Rim deposited this money with CMB in anticipation of a financing deal that did not occur. Despite these promises, CMB has not returned the money.

Please call me, by no later than tomorrow, March 5, 2004, to discuss a satisfactory method of immediate repayment. If I do not hear from you, we will have no choice but to file a lawsuit.

Thank you in advance for your prompt attention to this important matter.

Very truly yours,

Jay R. Hoffman

EXHIBIT
K

19 SOUTH LASALLE STREET, SUITE 602 · CHICAGO, ILLINOIS 60603
PHONE 312.899.0589 · FAX 312.899.8201 · EMAIL jay@hoffmanlegal.com



Case 1:04-cv-01945   Document 2   Filed 05/19/2004   Page 44 of 44

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I caused a copy of the attached pleading to be served by U.S. Mail on May 19, 2004, on the following entity:

CMB Mortgage Services, Inc.
c/o Charles Christian
Suite 1400
70 West Madison Street
Chicago, IL 60602



Jay R. Hoffman

---

Case 1:04-cv-01945   Document 2   Filed 05/19/2004   Page 43 of 44

# CMB MORTGAGE SERVICES, INC.
#### Multi-family Industrial Commercial

June 30, 2003

Cedric Leander Kinlow, CEO
Radar Rim Corporation
43 Ford Avenue, # 5
Morristown New Jersey 07960

RE:     Radar Rim Corporation

Dear Mr. Cedric Leander Kinlow,

Enclosed please find the following:

· Commitment Fee & Costs Letter (two copies)

· Summary of Terms and Conditions (two copies)

We understanding that you will send a signed copy of the Commitment Fee and Costs Letter along with a signed copy of the Summary of Terms and Conditions document to our offices by FAX to the following number, (312)214-3168) and remit ($100,000) which represents the portion of the Fee and Costs due upon signing, by wire transfer. Instructions for the wire transfer are included with this document. Send the hardcopy signed documents to us by overnight mail. The Commitment Letter will be sent to you within 48 hours of our receipt of the above-mentioned documents and your remittance.

Sincerely,

Charles Christian
President

70 West Madison Street, Suite 1400, Chicago, Illinois 60602
(312) 214-6108 · Fax (312) 214-3168

EXHIBIT
1

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 1 0 2005

Judge James B. Moran
United States District Court

| | |
|---|---|
| RADAR RIM, INC., a Delaware corporation, <br> and RADAR RIM HOLDINGS, L.L.C., <br> a Michigan limited liability company, | ) <br> ) <br> ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CMB MORTGAGE SERVICES, INC., <br> an Illinois corporation, and <br> CHARLES CHRISTIAN, | ) <br> ) <br> ) |
| | ) |
| Defendants. | ) |

No. 04 C 1945

Judge Moran

Magistrate Judge Schenkier

## AGREED MOTION TO DISMISS
## PURSUANT TO TERMS OF SETTLEMENT AGREEMENT

Plaintiffs Radar Rim, Inc. and Radar Rim Holdings, L.L.C. and Defendants CMB

Mortgage Services, Inc. ("CMB") and Charles Christian pursuant to the terms of their settlement

agreement, respectfully ask the Court to dismiss this case without prejudice, with leave to

reinstate the case in the event of a default under the settlement agreement, and with the Court to

retain jurisdiction over the case for this purpose.

RADAR RIM, INC. and
RADAR RIM HOLDINGS, L.L.C.

By _____
Their Attorney

Jay R. Hoffman (No. 6193213)
Suite 802
19 South LaSalle Street
Chicago, IL 60603
(312) 899-0899

FILED

MAY 24 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RADAR RIM, INC., a Delaware corporation, and RADAR RIM HOLDINGS, L.L.C., a Michigan limited liability company,

  Plaintiffs,

v.

CMB MORTGAGE SERVICES, INC., an Illinois corporation, and CHARLES CHRISTIAN,

  Defendants.

No. 04 C 1945

Judge Moran

Magistrate Judge Schenkier

## PLAINTIFFS' MOTION TO COMPEL

Plaintiffs Radar Rim, Inc. and Radar Rim Holdings, L.L.C. ("Plaintiffs"), pursuant Fed. R. Civ. P. 37, hereby ask this Court to compel Defendant Charles Christian ("Defendant") to respond, without objection, to all of the document requests and interrogatories that Plaintiffs served on Defendant within seven days. In addition, Plaintiffs ask this Court, to order Defendant to pay Plaintiffs the reasonable expenses that Plaintiff incurred in the making of this motion, including attorneys' fees.

1. On September 16, 2004, Plaintiffs served document requests and interrogatories on Defendant's then-attorney. The Court subsequently struck that attorney's appearance. Defendant failed to respond to the discovery requests.

2. On November 30, 2004, this Court ordered Defendant to respond to the discovery requests by December 20, 2004.

3. After Defendant claimed not have received copies of the discovery requests, Plaintiff's counsel mailed them to Defendant on December 1, 2004.

4. On December 9, 2004, this Court granted Defendant's oral request for additional time to respond to discovery, and set a new deadline of December 28, 2004.

5. In late December 2004, the parties agreed to put Defendant's responses to discovery on hold while the parties negotiated a settlement agreement.

6. Although the parties entered into a settlement agreement, Defendant defaulted on the agreement.

7. On April 20, 2005, this Court granted Plaintiffs' motion to reinstate the case and ordered Defendant to respond to Plaintiffs' long-outstanding discovery requests by May 20, 2005.

8. Defendant did not respond in any manner to the discovery requests.

9. Defendant has waived any objections he could have made to the discovery requests.

10. Defendant's lack of cooperation with the discovery process and refusal to obey this Court's recent order are unjustified. Rule 37(a) requires that Defendant be ordered to pay Plaintiffs for the costs associated with this motion, including attorneys' fees.

WHEREFORE, Plaintiffs ask this Court to compel Defendant Charles Christian ("Defendant") to respond, without objection, to all of the document requests and interrogatories that Plaintiffs served on Defendant within seven days. In addition, Plaintiffs ask this Court to order Defendant pay Plaintiffs the reasonable expenses that Plaintiff incurred in the making of this motion, including attorneys' fees.

Case 1:04-cv-01945    Document 23    Filed 05/24/2005    Page 4 of 5

### LOCAL RULE 37.2 STATEMENT

Jay R. Hoffman, the attorney for Plaintiffs, states that he discussed the discovery dispute involved in this motion with Defendant Charles Christian in two telephone conferences held in the early afternoon on May 23, 2005. Thus, after engaging in good faith attempts to resolve this discovery dispute, Plaintiffs' counsel was unable to do so.



Jay R. Hoffman

---

Case 1:04-cv-01945    Document 23    Filed 05/24/2005    Page 3 of 5

Respectfully submitted,

RADAR RIM, INC. and
RADAR RIM HOLDINGS, L.L.C.

By _____
Their Attorney

Jay R. Hoffman (No. 6193213)
Suite 802
19 South LaSalle Street
Chicago, IL 60603
(312) 899-0899

3

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the attached pleading to be served by U.S. mail on May 24, 2005, on the following person:

Charles Christian
23505 North 77th Place
Scottsdale, AZ 85255-6142



Jay R. Hoffman