**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| K-5 REALTY, LLC, | ) | |
| a Florida limited liability company, | ) | |
| | ) | Case No. 08 C 1400 |
| Plaintiff, | ) | |
| v. | ) | Honorable Judge Charles Norgle |
| CONTRIBUTED MUTUAL BENEFITS | ) | |
| MORTGAGE SERVICES, INC., | ) | Magistrate Judge Brown |
| an Illinois corporation, and | ) | |
| CHARLES CHRISTIAN, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR ORE DEFINITE STATEMENT AND/OR
TO STRIKE CERTAIN PORTIONS OF ANSWER AND AFFIRMATIVE DEFENSES
PURSUANT TO FRCP 8(b), 9( c ), and 12**

Defendants, CONTRIBUTED MUTUAL BENEFITS MORTGAGE SERVICES, INC., an

Illinois corporation ("Contributed"), and CHARLES CHRISTIAN, individually ("Christian") state

as follows as their Response to Plaintiff's Motion:

**A.  Par. 28 of the Amended Complaint and FRCP9( c).**

Defendants agree with Plaintiff's interpretation of FRCP 9( c).  However, it is unclear from

the language deployed in Par 28 of the complaint that these are "allegations of full performance by

the plaintiff in breach of contract action" that "may be made in summary fashion as was done here":

"28. Ward, on behalf of K-5, executed all documents required by Contributed in connection
with the intended closing, and performed all other tasks requested by Contributed in order for the
closing and loan disbursements to proceed.
    ANSWER: Defendants deny the allegations set forth in the foregoing paragraph. "

The foregoing allegations are not a summary allegation of full performance but rather seem

to focus specifically on the events surrounding the loan closing.   In any event, defendants are

1

prepared to withdraw their answer to Par. 28 of the complaint and seek leave to file and amended

answer setting forth with particularity the facts whereby they deny that Plaintiff fully performed

under the contract at issue in this case.

**B. Par. 28 of the Amended Complaint and FRCP9( c).**

Defendants denial is predicated on the notion that both parties knew that Contributed might

or might not be the lender on the proposed financing.

**C. Defendant's Affirmative Defenses.**

Defendants will seek leave to file amended affirmative defenses.

**C. Par. 31, 32 and 39 and Rule 8.**

Defendants' denials in Paragraphs 31 and 32 were intended to convey the sense the letters

are not in evidence yet and therefore it is not proper to allege facts by reference to their contents.

The contents themselves are not allegations.  Paragraph 31 in particular seems to require the

Defendants to admit that the *Plaintiff* and it's officers had a certain state of mind as to whether

Christian was the addressee as "representative of Contributed" (which, though a reasonable

supposition on Plaintiff's part, is not in Defendant's view a proper factual allegation), and to admit

that the letter had the legal effect of "revoking the documents signed at the 'dry closing' on

December 3, 2007" and "terminating the loan transaction due to breach by Contributed".

On the other hand, the averment that the letter demanded " the return of the $600,000.00

CFC&CF within forty-five (45) days" is clear enough from the face of the document and should

have been admitted in the form of "Defendant admits that the letter was sent and that it purported

to demand the return of the funds at issue".

The allegations in Par. 39 are compound and argumentative, and therefore seem to be in

violation of Rule 8(e)(1), which requires that each averment of the pleading be simple, concise and direct. Additionally, the second and third sentences are subject to the same basic objection set forth hereinabove regarding the hearsay documents referred to in Par. 31 and 31.  Defendant objects to the averments requiring Defendants to admit or deny that Charles Christian made ceratin statements, since these are not facts necessary to make out a claim in this case.

There are no facts alleged in the fourth paragraph, as the statement "However, prior to the closing of the loan, neither Christian nor Contributed would have an insurable interest in Ward's life, or any legal right to the issuance of a performance bond" is a legal conclusion.  The final sentence is argumentative and not a "simple, concise and direct" statement of fact.

WHEREFORE, defendants requests an order denying Plaintiff's motion or in the alternative granting Defendants leave to amend their answer and affirmative defenses.

CONTRIBUTED MUTUAL BENEFITS MORTGAGE SERVICES, INC., and CHARLES CHRISTIAN


_/S/_____
BY:    David T. Grisamore, Esq.

David T. Grisamore, Esq.
53 W. Jackson Suite 1643
Chicago IL 60604
(312) 913-3448
(312) 913-3458
ARDC# 6237226