IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| K-5 REALTY, LLC, a Florida limited liability company, ) ) ) | |
| Plaintiff, ) | Case No.: 08 C 1400 |
| ) v. ) | Honorable Judge Charles Norgle |
| ) CONTRIBUTED MUTUAL BENEFITS ) MORTGAGE SERVICES, INC., an Illinois ) corporation, and CHARLES CHRISTIAN, ) individually, ) ) | Magistrate Judge Brown  JURY DEMAND |
| Defendants. ) | |

**MOTION FOR RULE TO SHOW CAUSE, FINDING OF CONTEMPT, AND ASSOCIATED SANCTIONS AGAINST DEFENDANTS**

K-5 REALTY, LLC ("K-5"), by its attorney, Gregg Minkow of Hinshaw & Culbertson LLP, requests an order entering against the Defendants, CONTRIBUTED MUTUAL BENEFITS MORTGAGE SERVICES, INC., and CHARLES CHRISTIAN, a rule to show cause why they should not be held in contempt of this Court for violating its Order of March 28, 2008, as modified by the Court's subsequent Order of April 18, 2008 (extending the time for Defendants' compliance with the earlier order), and in support thereof states as follows:

1. This case involves a claim by K-5 for the return of a $600,000.00 advance payment it made to the Defendants against fees for a loan transaction which ultimately failed to be consummated.

2. K-5 claims the fee advance was supposed to be held in trust by the Defendants pending either consummation or cancellation of the loan, but that instead, the Defendants misappropriated the funds for their own purposes unrelated to the loan.

3. On March 28, 2008, the parties agreed on the terms of an order to resolve, temporarily and in part, issues raised in K-5's "Motion for Prejudgment Attachment Order,

Preliminary Injunction, Accelerated Discovery, or Other Relief" (Docket Entry No. 6). The Court entered the Agreed Order as drafted by the parties, and a copy thereof (Docket Entry No. 26) is attached hereto as Ex. A.

4. Among other things, the Agreed Order required the Defendants (i) to produce, by a date certain, information showing the uses made of K-5's advance fee payment since its deposit with the Defendants in June, 2007, and (ii) to deposit into an escrow account all of the Defendants' business income (net of specified living expenses), until the Court determines whether that income should be turned over to K-5.

5. Specifically, the Agreed Order required the Defendants to provide within 10 days (i.e., by April 7, 2008), "Copies of all documents showing the disbursement and uses of the plaintiff's $600,000.00 cashier's check dated on or about June 21, 2007." See Ex. A, ¶ 2(C).

6. The Agreed Order also required the Defendants to undertake "reasonable and diligent efforts measures to generate … income" for deposit into the escrow account, and to provide "weekly reports and reasonable documentation of defendants' efforts" to generate income such income. See Ex. A, ¶ 5.[1]

7. On April 9, 2008, Defendants filed a motion to modify Ex. A (Docket Entry No. 27, attached hereto as Ex. B), requesting an extension of time, through April 18, 2008, for turnover of the information on disbursements and uses of K-5's advance fee payment, on grounds that "Defendants have been unable to obtain copies of checks evidencing the disposition of certain assets." See Ex. B, ¶ 4.

---

[1] The "escrow account" is established in Ex. A, ¶ 3.

8. The Court granted Defendants' Motion to Modify; however, documents showing disposition of the funds paid by K-5 – whether in the form of cancelled checks, contracts with third parties, or otherwise – were not provided by April 18, 2008, or at any other time.

9. On April 30, 2008, the Defendants did provide Plaintiff's counsel with a monthly bank statement from June 2007, showing that by the end of that month, the entire $600,000.00 sum paid by K-5 had been withdrawn from the Defendants' account where it had initially been deposited. However, no documents were provided showing what actually was done with the money, such as where it went immediately upon being withdrawn from Defendants' account.

10. In addition, on May 13, 2008, the Defendants provided K-5's counsel with a vague and general statement of loans which they supposedly are involved in making, and from which they anticipate receiving certain fees for deposit into the Court-ordered escrow. However, the Defendants have not provided any accounting of business income received since entry of the Agreed Order more than two months ago, and the little information that has been provided is too vague for any reasonable person to evaluate whether the Defendants are making the diligent effort to generate income required by ¶ 5 of the Agreed Order.

11. K-5, through its attorney, has sought compliance with Ex. A in communications with Defendants' attorney, but compliance has not been forthcoming. See, most recently, the series of e-mail correspondence dated June 9-11, 2008, attached hereto as Group Ex. C.

WHEREFORE, K-5 prays for an order requiring the Defendants to show cause why they should not be held in contempt for failure to comply with the Court's Order of March 28, 2008; a finding that the Defendants are in contempt if cause cannot be shown; an order requiring the Defendants to immediately bring current their compliance with Ex. A, and to pay promptly the attorneys' fees and costs incurred by K-5 in having to bring this matter before the Court; and

such other and further relief as the Court deems appropriate in accordance with applicable rules of law and equity.

    Respectfully submitted,

    K-5 REALTY, LLC, Plaintiff

    By: s/ Gregg I. Minkow
        One of its Attorneys

Gregg I. Minkow
Laurie S. Randolph
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
ARDC No. 6181058
E-mail: gminkow@hinshawlaw.com

4