# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| K-5 REALTY, a Florida limited liability company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.　08-CV-1400 |
| ) | |
| CONTRIBUTED MUTUAL BENEFITS ) | Judge Charles Norgle |
| MORTGAGE SERVICES, INC. an Illinois ) | Magistrate Judge Brown |
| corporation, and CHARLES CHRISTIAN, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO MODIFY AGREED ORDER ENTERED MARCH 28, 2008**

CONTRIBUTED MUTUAL BENEFITS MORTGAGE SERVICES, INC., and CHARLES CHRISTIAN, by and through their attorney David T. Grisamore and Law Offices of David T. Grisamore, state as follows as their Motion to Modify the Agreed Order of March 28, 2008:

1. This case was filed on or about March 10, 2008. On March 28, 2008 the parties agreed to entry of an agreed order addressing the Plaintiff's Motion for Pre-Judgment Attachment Order, Preliminary Injunction, Accelerated Discovery, or Other Relief. A copy of the Agreed Order is attached hereto as an exhibit.

2. Paragraph 2 of the Agreed order allocated ten (10) days to Defendants to provide the documents set forth in paragraphs A-E of the order.

3. Despite reasonable efforts, defendants have been unable to fully comply with the terms of said order and hereby request an extension of time, through April 18, 2008, to fully comply with the order.

4. Specifically, Defendants have been unable to obtain copies of checks evidencing the

disposition of certain assets. The relevant banking arrangements do not call for copies of checks to be provided with the statements and copies shave been or will be ordered and delivered on the schedule provided by the bank or banks involved.

WHEREFORE, CONTRIBUTED MUTUAL BENEFITS MORTGAGE SERVICES, INC., and CHARLES CHRISTIAN respectfully request that his court enter an order modifying the terms of the Agreed Order of March 28, 2008, extending the time for Defendants to comply with the terms of Paragraph 2 A-E; and for such other and further relief as this court deems just.

                CONTRIBUTED MUTUAL BENEFITS
                MORTGAGE SERVICES, INC., and CHARLES
                CHRISTIAN


                /S/_____
BY:   David T. Grisamore, Esq.

David T. Grisamore, Esq.
53 W. Jackson Suite 1643
Chicago IL 60604
(312) 913-3448
(312) 913-3458
ARDC# 6237226

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

K-5 REALTY, a Florida limited liability company, )
)
    Plaintiff, )
)
v. ) No. 08-CV-1400
)
CONTRIBUTED MUTUAL BENEFITS ) Judge Charles Norgle
MORTGAGE SERVICES, INC. an Illinois ) Magistrate Judge Brown
corporation, and CHARLES CHRISTIAN, )
individually, )
)
    Defendants. )

## AGREED ORDER

This cause coming before the court on the motion of plaintiff for preliminary injunction and other relief, the parties hereto being in agreement, and the court being fully advised, IT IS HEREBY ORDERED:

1. Defendants Contributed Mutual Benefits Mortgage Services, Inc. ("Contributed") and Charles Christian ~~are given leave to~~ [reserve the right to] file their response to Plaintiff's Motion for Prejudgment Attachment Order and other Relief, ~~within 14 days; Plaintiff shall have 7 days to file a reply and~~ This court shall hold a ~~hearing on the motion~~/status hearing on April 18, 2008 at 10:30 am.

2. Defendants are ordered to provide answers to plaintiff's discovery requests as follows within 7 days: [The next 10]

    A. A personal and a business financial statement, showing assets and liabilities owned directly or indirectly, legally or equitably by either of the defendants, signed, sworn, and notarized;

    B. Business bank statements for each defendant for the months of June through December, 2007 and January and February 2008, including but not limited to such statements for all accounts at Home National Bank;

    C. Copies of all documents showing the disbursement and uses of the plaintiff's $600,000.00 cashier's check dated on or about June 21, 2007;

    D. This court shall enter an appropriate protective order on motion of defendants; and

E.  A good faith estimate of defendants' reasonable and necessary weekly living and business expenses.

3. Defendants are ordered and directed to deposit all of their direct and indirect income (including income paid to entities controlled or principally owned by either of them, legally or equitably, or deposited by any entity to or for the account of either defendant), from the date of the entry of this Agreed Order, and until further order of court, into an escrow account to be established by defendants, with duplicate statements sent to counsel for plaintiff. Defendants shall be entitled to payment from the escrow for all reasonable and necessary living and business expenses, after at least 7 days prior written notice to plaintiff's counsel and either written agreement thereto or an order by this Court permitting same (except that disbursement for reasonable living expenses for defendant Christian and his immediate family [wife and daughter], pursuant to the good faith estimate provide under Paragraph 2(E), above, shall not require advance written agreement or advance Court authorization). In the event that plaintiff's counsel objects to any proposed disbursement, and the parties are unable to resolve their differences, plaintiff or defendant may apply to the court for a ruling on the reasonableness and necessity of said disbursement. *If defendant Christian's wife has a separate income, family expenses for purposes of this par. 3 will be allocated reasonably between defendant Christian and his wife.*

4. ~~Defendants shall disburse from the escrow account each week the sum remaining in~~ *take or the account after disbursements permitted under Paragraph 3, above.* *Defendants shall not disburse any funds from the aforesaid escrow account except as permitted in Par. 3, above. The timing of disbursements from the escrow account to plaintiff is reserved*

5. Defendants will provide to plaintiffs' counsel weekly reports and reasonable *for* documentation of defendants' efforts to generate income for deposit into the escrow account *future* referenced above, and they shall undertake reasonable and diligent measures to generate such *determinati* income, which shall only be used for purposes of the parties' dispute. *by this Court.*

6. This Agreed Order is without prejudice to the plaintiff's aforementioned motion, and that motion (with or without amendment), or a motion to modify this Agreed Order, may be brought at any time by either party with the notice required under court rules.

ENTER: 3-28-08

*/s/ Charles R Norgle*
Honorable Charles Norgle

Prepared by:
David T. Grisamore, Esq.
53 W. Jackson Suite 1643
Chicago IL 60604
(312) 913-3448
(312) 913-3459
ARDC# 6237226

6301780v2 886125