IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| K-5 REALTY, LLC, a Florida limited liability company, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 08 C 1400 |
| v. | )<br>) Honorable Judge Charles Norgle |
| CONTRIBUTED MUTUAL BENEFITS MORTGAGE SERVICES, INC., an Illinois corporation, and CHARLES CHRISTIAN, individually, | )<br>) Magistrate Judge Brown<br>)<br>) JURY DEMAND<br>)<br>) |
| Defendants. | ) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR MORE DEFINITE STATEMENT AND/OR TO STRIKE PORTIONS
OF ANSWER AND AFFIRMATIVE DEFENSES**

The Plaintiff, K-5 REALTY, LLC ("K-5"), by its attorney, Gregg Minkow of Hinshaw & Culbertson LLP, states as follows by way of reply to the Response of the Defendants, CONTRIBUTED MUTUAL BENEFITS MORTGAGE SERVICES, INC. ("Contributed Mutual") and CHARLES CHRISTIAN ("Christian"), relating to K-5's Motion for More Definite Statement and/or to Strike Portions of the Defendants' Answer and Affirmative Defenses:

1.  In its Amended Complaint, K-5 alleges that the Defendants breached their written contract with K-5, after K-5 did all it was required to do on its part under the contract. The allegation of full performance by K-5 with conditions on its part appears in ¶ 28 of the Amended Complaint; the Defendants initially answered ¶ 28 with a general denial, rather than the specificity required by FRCP 9(c).

In ¶ A of the Defendants' Response, Defendants appear to agree that they will provide the more definite statement sought by K-5 in connection with the Defendants' answer to ¶ 28: i.e., the Defendants agree to replead, this time with particularity, any facts purporting to show that K-5 did not fully perform under the contract at issue.

The order on K-5's pending Motion should require the Defendants to follow through on this stated intention; provided Defendants do so, this resolves Point II of K-5's Motion.[1]

2.   Par. B on p. 2 of the Defendants' Response refers to ¶ 28 of the Amended Complaint. However, the Defendants' ¶ B actually appears to be in response to Point III of K-5's Motion, which relates to ¶ 20 of the Amended Complaint, rather than ¶ 28.

In Point III of its Motion, K-5 contends that the Defendants' Answer to ¶ 20 states a defense which is barred as a matter of law. In that answer, the Defendants deny that Contributed Mutual was to be the "lender" under the parties' written contract, contrary to the plain language of the written contract. K-5 argues in point III of its Motion that because the Defendants' answer to ¶ 20 is at odds with the unambiguous language of the written contract, the denial can only mean that Defendants will assert a parol understanding which is barred by applicable law. See Motion, at pp. 4-5, ¶¶ 19-21, and the authorities cited there.

Indeed, just as the Motion predicted, the Defendants, in their Response, state that their denial of ¶ 20 "is predicated on the notion that both parties knew that Contributed might or might not be the lender on the proposed financing." That response ignores the authorities cited at in K-5's Motion, and cites no contrary authorities that would permit a defense to stand which is so blatantly at odds with the terms of the parties' written contract.

Consequently, Defendants' answer to ¶ 20 of the Amended Complaint should, as requested in the Motion, be stricken, and the Court should rule that as the law of the case, Defendants are barred from defending against the Amended Complaint on grounds that Contributed Mutual was not, in fact, the lender.

3.   In the first ¶ C on p. 2 of Defendants' Response (there are two paragraphs "C" on that page), the Defendants appear to concede that their Affirmative Defenses are infirm and

---

[1] Point I of the Motion is simply a statement of background facts.

should be stricken, as requested in Point IV of K-5's Motion, at pp. 5-7 thereof. That being the case, the Court should enter an order striking the current Affirmative Defenses for the reasons cited in Point IV of the Motion, and order that the stricken defenses not be replicated, in form or substance, in any new affirmative defenses which the Defendants may hereafter seek leave to plead.

Specifically, the Defendants cannot avoid a ruling on the merits of K-5's argument by not responding to the pending Motion, and then plead essentially the same affirmative defenses as though the Motion had not been brought or as though it lacked merit. Therefore, in the absence of any response taking issue with the substance of K-5's challenge to Defendants' current Affirmative Defenses, those defenses should be stricken or dismissed, with prejudice.

4. The remaining arguments in K-5's Motion (Point V, at pp. 7-8 of the Motion) relate to Defendants' answers to ¶¶ 31, 32, and 39 of the Amended Complaint, which K-5 contends did not fairly address the substance of K-5's allegations in that paragraph, and did not adequately indicate which portions of the paragraph were admitted if the Defendants' intention was to admit in part and deny in part.

Based upon the second ¶ C on p. 2 of the Response, Defendants appear prepared to amend their answers to ¶¶ 31 and 32, so as to acknowledge (i) that K-5's letters demanding a refund of K-5's $600,000.00 advance fee deposit were in fact sent, and (ii) that the letters, in fact, demanded the return of those funds.

With regard to ¶ 31, however, Defendants contend that the paragraph improperly states legal conclusions, which the Defendants are not required to either admit or deny, as to:

a. Whether K-5 believed that Christian was Contributed Mutual's agent when the first demand letter was sent; and

> b. Whether that letter revoked documents signed at the "dry closing" on December 3, 2007.

The Defendants are quibbling over trifles.

First, it does not matter whether K-5 believed that Christian was a representative of Contributed Mutual if in fact he was. In their answer to ¶ 5 of the Amended Complaint, the Defendants admit that Christian is and has been, at all relevant times, the President of Contributed Mutual. (See Motion, at Ex. 1 thereto (Defendants' Answer and Affirmative Defenses), p. 2, answer to ¶ 5.) Consequently, there is no rational way to deny that Ex. D (the first letter demanding letter attached to the Amended Complaint) was sent to Christian "as the representative of Contributed."

Second, in their answer to ¶ 29 of the Amended Complaint, the Defendants admit that Contributed never disbursed any loan proceeds, and never countersigned the loan documents signed by K-5 in anticipation of the dry closing. (See Motion, at Ex. 1, p. 7, answer to ¶ 29.) It has long been the law that a party always has the option of revoking documents prior to the other party accepting them, and that any act which is inconsistent with the documents has the effect of revoking them. See *McCauley v. Coe*, 150 Ill. 311, 318-319 (1894) (copy attached hereto). In the present case, K-5's letters demanding a refund of the advance fee is certainly inconsistent with the continued effectiveness of the loan agreement or of any further documents signed in connection with the anticipated closing; consequently, those letters, as a matter of law, had the "legal effect of revoking the documents signed at the dry closing," and the statement in K-5's ¶ 31 alleging such revocation is a statement of fact, not a mere legal argument.

In any event, regardless of whether the demand letters expressly terminated the loan agreement and revoked the closing documents, that agreement and those documents are certainly

revoked now, and the refund of K-5's advance fee deposit – required unambiguously by the written loan agreement – is certainly due now.

In this regard, it has either been admitted or there is no denying that the three letter agreements forming exhibits to the Amended Complaint has been admitted (see Defendants' answer to ¶ 18 of the Amended Complaint); that they called for closing of the loan to be August 31, 2007 (Amended Complaint, at Ex. B, p. 2 under "Closing"); that the loan did not close on that or any other date (see answer to ¶ 29 of the Amended Complaint); and that if the loan did not close, "all payments received by (CMBMS) regarding the (CFC&CF) shall be returned to [K-5]," CMBMS being Contributed Mutual and the CFC&CF being the advance fee deposit at issue. See Amended Complaint, at Ex. C, p. 1, third paragraph under "Commitment Fee, Costs and Closing Fee: (CFC&CF)."

Importantly, the contractual reference to K-5's refund rights does not in any way indicate that it is dependent upon whether K-5 complied with its own obligations under the loan agreement (although the Defendants have yet to identify a single instance of noncompliance by K-5); rather, the right to a refund if the loan did not close on the date specified in the agreement or thereafter is absolute.

Also importantly, Ex. C to the Amended Complaint does not require K-5 to wait any specified period of time beyond the original August 31, 2007 closing date before demanding a return of its money.  Further still, the agreement does not require that any closing documents be revoked as a precondition to the refund of the money if the closing did not take place.

In light of what is not and cannot be disputed in the actual text of the loan agreement, and the admission that any documents requiring signature by Contributed Mutual in order for a closing to take place were not, in fact, signed by Contributed Mutual, the legal effect of the demand letters in revoking or not revoking the closing documents (though it seems clear that the

letter revoked them) does not matter with respect to K-5's right to a refund of the $600,000.00 advance fee deposit. Defendants have pled no facts showing how the loan transaction could still be alive and Contributed Mutual not be in breach thereof (by way of affirmative defense or otherwise), and ¶¶ 31 and 32 of the Amended Complaint must be deemed admitted.

With respect to ¶ 39 of the Amended Complaint, the Defendants argue, in conclusory fashion, that the allegations of that paragraph are "compound and argumentative," and therefore in violation of FRCP 8(e)(1) by not being "simple, concise, and direct." However, the Defendants do not attempt to point out specifically where, or how, the allegations of ¶ 39 are, in fact, either compound or argumentative. It was incumbent upon the Defendants, in their Response to K-5's Motion, to be specific when making a contention of this kind; it is not incumbent upon either K-5 or the Court to guess at what the Defendants are trying to say.

In any event, when broken down into its component parts, ¶ 39 passes muster, and except for Defendants' answer to the first sentence of ¶ 39, their answer is evasive and incomplete:

  a.   The first sentence of ¶ 39 states that Christian converted K-5's funds to his own use. Defendants have denied this sentence, and if they did so frivolously, they are at risk under FRCP 11; for purposes of the Motion, however, since the Defendants have in fact denied the allegation, that sentence is not at issue under the pending Motion.

  b.   The second and third sentences of ¶ 39 recite statements that Christian allegedly made to Kevin Ward, of K-5, as to what was done with K-5's advance fee deposit. The Defendants should be able to either admit or deny that these are the things that Christian said. They should be required to do so, or should be deemed to have admitted that Christian did, in fact, make the statements alleged by K-5.

6327743v1 886125

c.    The fourth sentence of ¶ 39 states, in the context of the second and third sentences, that the explanation which Christian gave as to what became of the advance fee deposit was untrue. If the Defendants deny that Christian made the statements attributed to him, we need not even address whether the purported "legal conclusion" in the fourth sentence is accurate; if the Defendants admit that Christian made the statements attributed to him in the second and third sentences of the paragraph, then the fourth sentence ceases to be a question of legal analysis; rather, it is simply a statement of fact to be admitted or denied.

d.    Defendants do not attempt at all to answer the fifth sentence of ¶ 39, which states that the Defendants satisfied a 4-year-old judgment against them in the middle of their conversations with K-5 about the return of the K-5's advance fee deposit. The Defendants either did or did not satisfy that four-year-old judgment on January 16, 2008; they should be required to admit or deny the allegation, or alternatively, it should be deemed admitted.

e.    The essence of the sixth sentence of ¶ 39 is that the Defendants "have used the CFC&CF funds other than for their intended purpose, in violation of their fiduciary duty, and are now covering up." The Defendants have not fairly addressed the allegations of ¶ 39 insofar as they have failed to address at all the allegation that they did not use the advance fee deposit for its intended purpose.

In short, there has been no compliance by the Defendants with FRCP 8(d)(2), requiring that any denial of ¶ 39 "fairly respond to the substance of the allegation," nor has there been compliance with FRCP 8(b)(4) that a party who "intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." In accordance with FRCP 8(b)(6), in conjunction with FRCP 12(e) and FRCP 12(f), the Court should order the Defendants to

respond to each portion of ¶ 39, or deem ¶ 39 admitted except with respect to the first sentence thereof, which was explicitly denied.

WHEREFORE, K-5 Realty prays that the relief sought in its pending Motion be granted in its entirety.

Respectfully submitted,

K-5 REALTY, LLC, Plaintiff

By:  s/ Gregg I. Minkow
         One of its Attorneys

Gregg I. Minkow
Laurie S. Randolph
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
ARDC No. 6181058
E-mail: gminkow@hinshawlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on June 13, 2008, I electronically filed **Reply in Support of Plaintiff's Motion for More Definite Statement and/or to Strike Portions of Answer and Affirmative Defenses** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system. Notification of such filings(s) was sent via Hand Delivery and UPS Overnight Delivery to the following:

    David Thaddeus Grisamore
    Law Offices of David T. Grisamore
    53 W. Jackson Blvd., Suite 1634
    Chicago, IL 60604
    E-mail: dgriz67@sbcglobal.net

                              HINSHAW & CULBERTSON LLP

                              By: s/ Gregg I. Minkow
                                      One of its Attorneys

Gregg I. Minkow
Laurie S. Randolph
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
ARDC No. 6181058
E-mail: gminkow@hinshawlaw.com